BENJAMIN KNOWER et al., Appellants, *v.* THE CENTRAL NATIONAL BANK, Impleaded, etc., Respondent.

THE FIRST NATIONAL BANK of Paterson et al., Appellants, *v.* THE CENTRAL NATIONAL BANK, Impleaded, etc., Respondent.

An assignment for the benefit of creditors in due form is valid as between the parties to it, and, upon acceptance of the trust by the assignee, he becomes bound to execute its directions. If fraudulent as against creditors, it is only voidable by adjudication at their election, or that of some one of them, and until an attack is made with a view to such a judicial determination, it will be treated as valid and must be executed accordingly.

Title is vested in the assignee for the purpose merely of executing the trust in the manner directed; a creditor, paid pursuant to such directions, receives his debt through the execution of the trust, and his title is supported by the pre-existing debt upon which payment has been made, pursuant to the right of the debtor to make and the creditor to receive it.

Payment, therefore, by an assignee for the benefit of creditors, to a preferred creditor of the assignor of the amount of a debt honestly due him, pursuant to the directions in the assignment, before any lien has been obtained upon the fund, is effectual to vest title in such creditor to the money so paid, although the assignment, in an action subsequently commenced, is adjudged fraudulent and void as against the creditors.

*Hone* v. *Henriquez* (13 Wend. 240), distinguished.

The mere fact of knowledge on the part of the creditor so paid of the intent of the debtor to defraud his other creditors by the disposition of his property in payment of the debt, does not prejudice the right of the creditor to seek and obtain payment.

*Mackie* v. *Cairns* (5 Cow. 547), distinguished.

Accordingly, *held*, that the rights of a bank, a preferred creditor, were not prejudiced by the fact that after the making of the assignment and with knowledge of the fraudulent intent on the part of the assignors, it obtained judgment by confession from them for the amount of the preferred debt, issued execution thereon, and by its directions the sheriff allowed the assignee to sell the assigned property, and returned the execution unsatisfied.

In an action by a creditor, after obtaining a judgment setting aside such an assignment as fraudulent, against a preferred creditor who had been paid the amount of his preferred claim by the assignee before the bringing of said action to set aside the assignment, to recover back the money

paid, *held,* that knowledge on the part of defendant at the time of the payment that a suit was then pending in behalf of creditors, other than the plaintiffs, to set aside the assignment, did not prejudice defendant; that such other action was in its effect and result only available to the plaintiffs therein.

(Argued March 9, 1891; decided April 14, 1891.)

APPEALS from final judgments of the General Term of the Supreme Court in the first judicial department, entered upon orders made July 9, 1889, which affirmed interlocutory judgments entered upon orders of Special Term sustaining demurrers to the complaints in the actions above entitled.

The main and ultimate purpose of the actions was to require the defendant bank to refund a sum of money received by it from the assignee for the benefit of creditors of Halstead, Haines & Co.

To support such relief in behalf of the plaintiffs in the first action, it was alleged in the complaint that in July, 1884, Halstead, Haines & Co., being possessed of a stock of goods of the value of $450,000, and other property, made to one May a general assignment for the alleged benefit of their creditors, and by it directed the assignee to pay a large number of preferred debts amounting to about $409,000, among which was the claim of the defendant bank amounting to $40,000; that on or about the 17th day of October, 1884, that sum was paid by him to such bank; that on September 20 and October 18, 1884, the plaintiffs recovered judgments against Halsted, Haines & Co., upon which executions were issued and returned unsatisfied; that in January, 1885, actions were commenced by the plaintiffs against such assignors and assignee to set aside the assignment upon the ground that it was made with intent to hinder, delay and defraud the creditors of the assignors; and that on December twelfth and thirteenth, judgments in such actions were obtained and entered, setting aside the assignment on that ground. Plaintiffs further alleged on information and belief, that after having made the assignment with such fraudulent intent and in August, 1884, Halsted, Haines & Co., in furtherance

of such fraudulent design colluded with the creditors whose claims were preferred, by which each of them, including the defendant bank, with full knowledge of the fraudulent design of Halsted, Haines & Co., and with like design on their part, obtained judgments against Halsted, Haines & Co. for their claims so preferred, it being confessed by them in favor of such bank; that executions were issued upon such judgments to the sheriff, requiring him to seize and hold the assigned property and thereby secure the same from the efforts of the unpreferred creditors to secure thereout their demands and to enable the assignee to sell under the assignment; and that the sheriff, acting upon the instructions of the preferred creditors, allowed the assignee to sell the property under the assignment, which he did, and the executions were returned unsatisfied. The plaintiffs also alleged that at the time the defendant bank received payment of the amounts of its preference a suit commenced in September, 1884, in favor of parties named (other than any of these plaintiffs), creditors of Halstead, Haines & Co., to set aside the assignment upon the ground before mentioned, was pending; and that the defendant bank knew of its existence and object, and that in January, 1888, judgment was therein entered setting aside the assignment. Then followed the allegation that the assignment was made by Halsted, Haines & Co., with intent to hinder, delay and defraud their creditors including the plaintiffs, who were such at the time it was made.

The complaint in the other action does not allege the recovery of any judgment by plaintiff setting aside the assignment. Nor is it there claimed that the defendant bank was in any way connected with any fraud in the assignment or its execution. In other respects the complaint is substantially the same as in the action first mentioned. One of the grounds of demurrer in each was that the complaint did not state facts sufficient to constitute a cause of action.

*John J. Adams* for appellants. The plea that there is a defect of parties defendant, in that neither the assignee nor his substitute

are made parties defendant, is untenable. (*Wheeler* v. *Whedon*, 9 How. Pr. 293; *Hammond* v. *H. Co.*, 20 Barb. 381; *Loos* v. *Wilkinson*, 110 N. Y. 210; *Starin* v. *Kelly*, 88 id. 418; *Hillman* v. *Hillman*, 14 How. Pr. 456; Code Civ. Pro. § 452; *Wallace* v. *Eaton*, 5 How. Pr. 99; *Wing* v. *Bull*, 38 Hun, 291.) The fourth ground of demurrer that the complainants have not legal capacity to sue, for the reason that the cause of action, if any, is vested in the receiver mentioned in the complaint is untenable. (*Hunt* v. *Wolfe*, 2 Daly, 303; *Gere* v. *Gibble*, 17 How. Pr. 31; *Bennett* v. *McGuire*, 5 Lans. 187; *Conger* v. *Sands*, 19 How. Pr. 10; *Barley* v. *Belmont*, 10 Abb. [N. S.] 370; *Cassilaer* v. *Simmons*, 8 Paige, 273; *Fincke* v. *Funke*, 25 Hun, 616; *Foster* v. *Townsend*, 68 N. Y. 203; *Kieney* v. *H. Ins. Co.*, 71 id. 401; *Green* v. *Bostwick*, 11 Sandf. Ch. 565; *Wright* v. *Nostrand*, 94 N. Y. 42; *Bostwick* v. *Menck*, 46 id. 383; *C. C. Bank* v. *Risby*, 19 id. 369.) The complaint alleges: "That the assignment was made with intent to hinder, delay and defraud the creditors of the assignors, including these plaintiffs." It also alleges that the money sought to be recovered was paid to the defendant creditors out of the proceeds of the assigned estate and under and by virtue of the preference contained in the fraudulent instruments and not otherwise. These allegations are sufficient and proper. (*Platt* v. *Mead*, 9 Fed. Rep. 98; *Morgan* v. *Bogue*, 7 Neb. 429; *Mott* v. *Dunn*, 10 How. Pr. 225; *Rathbun* v. *Platner*, 18 Barb. 272; *Loos* v. *Wilkinson*, 110 N. Y. 210; *Starin* v. *Kelly*, 88 id. 418.) A creditor can recover money paid under an instrument admitted to have been executed to defraud him. (Bump. on Fraud. Conv. 352; *Chapin* v. *Thompson*, 89 N. Y. 270; *Dudley* v. *Danforth*, 61 id. 626.) An assignment by a debtor, whether solvent or insolvent, of all his property to trustees for the benefit of his creditors is void if made with intent on the part of the assignor alone to hinder, delay and defraud his creditors, without reference to the intent on the part of the assignee or the creditors. (*Knapp* v. *McGowan*, 96 N. Y. 88; *Tiemeyer* v. *Turnquist*, 85 id. 522; *Rathbun* v. *Platner*, 18 Barb. 272; *O. Bank*

v. *Olcott*, 46 N. Y. 19.)  The assignment being fraudulent and, therefore, void, the property remained and still remains, as to these appellants, the property of the assignors, and the lien created by this action is upon that property although in the possession of the respondent. (*Austin* v. *Bell*, 20 Johns. 451; *Hone* v. *Henriquez*, 13 Wend. 240; *Albert* v. *Back*, 19 J. & S. 550; *Washbury* v. *Brooks*, 7 Wheat. 379.)  The general or so-called general assignment was not as to these appellants valid at the time of the payment to the respondents. (*Loos* v. *Wilkinson*, 110 N. Y. 214; *People* v. *Chalmers*, 60 id. 159; *Lawrence* v. *Bouk*, 33 id. 323; *Webb* v. *Daggett*, 2 Barb. 9; *Billings* v. *Russell*, 101 N. Y. 231; *Colburn* v. *Morton*, 26 How. Pr. 105; *Pond* v. *Comstock*, 20 Hun. 492; *Mackie* v. *Cairns*, 5 Cow. 547; Bump on Fraud. Conv. 352.) The assignment must stand as a whole or not at all. (*Boyd* v. *Dunlap*, 1 Johns. Ch. 482; *O'Neill* v. *Solman*, 25 How. Pr. 247; Bump on Fraud. Conv. 366, 367; *O. L. & C. Bank* v. *Talcott*, 19 N. Y. 148.)  The assignee is accountable for and bound to refund moneys which he has received as a preferred creditor. (*Riggs* v. *Murray*, 2 Johns. Ch. 565, 582; *Mitchell* v. *Van Buren*, 28 N. Y. 300; *U. Bank* v. *Brush*, 36 id. 631; *Bostwick* v. *Beizer*, 10 Abb. Pr. 197; *Coope* v. *Bowles*, 42 Barb. 87; *Rathbun* v. *Platner*, 18 id. 272; *G. Bank* v. *Bank of Batavia*, 43 Hun, 295; *Van Nest* v. *Yoe*, 1 Sandf. Ch. 16; *Hone* v. *Henriquez*, 13 Wend. 240; *Chapin* v. *Thompson*, 89 N. Y. 280.)  It is the Statue of Frauds to which we must look to determine the relative rights of the plaintiffs and the defendants, and we submit that the natural and most unstrained construction of the statute sustains the view contended for throughout by the appellant — that a creditor as to his antecedent debt claiming under a general assignment declared void for fraud is not a purchaser for value without notice within the meaning of that statue. (*Schovill* v. *Shed*, 36 Hun, 167; *In re Howe*, 1 Paige, 126; *Seymour* v. *Wilson*, 19 N. Y. 420; *Wood* v. *Robinson*, 22 id. 568; *Van Hoesen* v. *Radcliff*, 17 N. Y. 583; *Birdseye* v. *Ray*, 5 Den. 626; *Anderson* v. *Roberts*, 18 Johns. 513; *Starin* v. *Kelly*, 88 N. Y. 418; *Loos* v. *Wil-*

*kinson*, 110 id. 210 ; *Leitch* v. *Hollister*, 4 id. 211 ; *Dunham* v. *Whitehead*, 21 id. 313 ; *Tiffany* v. *Warner*, 37 Barb. 464 ; *Rathbun* v. *Platner*, 18 id. 272.)

*George A. Strong* for respondent. The novelty of the claim advanced by plaintiff is itself a strong argument against its validity. (*Flack* v. *State*, 95 N. Y. 468 ; *Mowry* v. *Peet*, 88 id. 457 ; *Ryan* v. *N. Y. C. R. R. Co.*, 35 id. 216 ; *Hearle* v. *Greenbank*, 3 Atk. 710.) There are authorities which really in principle cover and control the case at bar. (*Murphy* v. *Briggs*, 89 N. Y. 446 ; *Seymour* v. *Wilson*, 19 id. 417 ; 112 U. S. 593 ; *Pond* v. *Comstock*, 20 Hun, 494 ; *Collumb* v. *Read*, 24 N. Y. 515 ; *Sullivan* v. *Miller*, 106 id. 643, 644 ; *Wakeman* v. *Grover*, 4 Paige, 42, 43 ; *Ames* v. *Blunt*, 5 id. 22, 23 ; *Butler* v. *Stoddard*, 7 id. 166.) The theory of this action is not consistent with sound principles. (*Collumb* v. *Read*, 24 N. Y. 515 ; *Murphy* v. *Briggs*, 89 id. 453 ; *Cramer* v. *Blood*, 57 Barb. 155 ; 48 N. Y. 684 ; *Inglehart* v. *T. I. Hotel*, 109 id. 463.) The original assignee is a necessary party defendant. (*Murphy* v. *Riggs*, 89 N. Y. 446 ; *Collumb* v. *Read*, 24 id. 515 ; *Jackson* v. *Andrews*, 98 id. 675.) The decree setting aside the assignment is in no way binding upon the Central National Bank. (*People* v. *Supervisors*, 34 N. Y. 269 ; *Slocum* v. *Clark*, 2 Hill, 476 ; *Ferriss* v. *N. A. Ins. Co.*, 1 id. 74.) The averments in the complaint do not show any fraud in the assignment or on the part of the assignors, much less any fraud on the part of the Central National Bank. (*Wood* v. *Amory*, 105 N. Y. 282 ; *Cohn* v. *Goldman*, 76 id. 284 ; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 id. 394 ; *O'Callaghan* v. *Cronan*, 121 Mass. 114.) The action brought by creditors, other than these plaintiffs, to set aside the assignment, can have no weight in the case at bar. (*Bostwick* v. *Menck*, 40 N.Y. 383.) A demurrer will lie to a complaint, though it state a good cause of action, if it also state facts constituting a defense. (*Calvo* v. *Davies*, 73 N. Y. 211 ; *Broome* v. *Taylor*, 76 id. 564.)

BRADLEY, J. This controversy presents the question whether or not a creditor of an assignor for the benefit of creditors can

retain the money paid to him by the assignee pursuant to the direction in the assignment, as against another creditor, who by action subsequently brought succeeds in setting aside the assignment as fraudulent against the creditors of the assignor. It is urged on the part of the plaintiffs that 'the creditor, receiving payment of his debt from the assignee, takes it subject to the condition that the assignment remains effectual; and that when the assignment falls, the title of the creditor to the money so paid him pursuant to its direction fails; and that, for the purpose of the remedy of the attacking creditors, the money so paid must be treated as part of the estate of the debtor to be accounted for by the creditor receiving it. This proposition is founded upon the assumption that he receives the payment and takes the money through the title vested by the assignment in the assignee, and not otherwise.

It is a familiar rule that a debtor may voluntarily pay such of his creditors as he pleases, and they may take payment to the exclusion of others, and thus exhaust all his property. And at the time the one in question was made, an insolvent debtor might legitimately accomplish the same thing by means of a preferential assignment of his entire property for the benefit of his creditors. Although this necessarily had the effect to withdraw his estate from the ordinary legal process, and thus operated to hinder the creditors in the collection of their debts, it was valid if made in good faith, and did not unnecessarily by its directions delay the appropriation of the assigned property to the payment of creditors in the order provided for by the assignment. When the trust is accepted by the assignee, he may be compelled to execute its directions, and it is irrevocable by the assignor. And the question whether or not an assignment is fraudulent in fact as against the creditors of the assignor, is not important for the purposes of the execution of it by the assignee, unless an attack by action is made upon it by them or some of them. Until then his duty to proceed in its execution continues. And consistently with that duty he is entitled to have allowed to him all payments before then made by him of and upon debts of the assignor in

accordance with the instructions given by the terms of the assignment. (*Ames* v. *Blunt*, 5 Paige, 15; *Collumb* v. *Read*, 24 N. Y. 505; *Pond* v. *Comstock*, 20 Hun, 492; 87 N. Y. 627.)

All the creditors of the debtor are entitled to payment of their lawful claims against him if his property is sufficient to pay them; and those given a preference by his assignment are entitled to payment by force of the directions contained in it, while the assignee is at liberty to execute them. The title is vested in an assignee for the purpose merely of executing the trust in the manner directed, and essentially so to enable him to do it. And when payment is made by an assignee to the creditor pursuant to such directions, the latter receives the fund from the debtor through the execution of the trust, and his title is supported by the pre-existing debt upon which payment is made pursuant to the right of the debtor to make and the creditor to receive it. By the commencement of an action in equity by a judgment creditor to reach the property of his debtor, he obtains a lien upon the choses in action and equitable interests of the latter, which lien becomes effectual upon the recovery of judgment for the relief sought. (*Eameston* v. *Lyde*, 1 Paige, 637; *Eager* v. *Price*, 2 id. 333.) This rule is not to the same extent applicable to property subject to levy of execution. (*Albany City Bank* v. *Schermerhorn*, Clark, 297; *Davenport* v. *Kelly*, 42 N. Y. 193.) No action affecting this case in which any of these plaintiffs were parties or represented as such, was brought until after payment was made to the defendant; and no lien by relation to a time prior to that, was acquired by them on the fund so paid. They must rest their claim to recover, upon the position that because the assignment was fraudulent as against the creditors of the assignor, the title to the money paid never passed to the defendant, but remained in the debtor. It is true that the theory upon which property fraudulently assigned is reached by a creditor, on adjudication to that effect, is that title has not passed from the assignor; and such is the ground upon which a levy of execution upon assigned property is effectually supported. It may be observed that an assignment being valid

between the parties to it is, if fraudulent as against creditors, only voidable by adjudication at their election, or that of some or one of them; and unless an attack is made with a view to such judicial determination, it will be treated as valid and must be executed accordingly. And when faithfully executed by the assignee without such challenge by any creditor, it is difficult to see any sound principle upon which the results should be subverted. Diligence may defeat its execution, but to hold that, so far as the trust has been performed, no rights have been effectually taken from it, would render it unsafe for any creditor to accept payment otherwise than by force of adjudication, or after the validity of an assignment is in that manner established. It is, however, urged that an antecedent debt does not furnish a supporting consideration for money paid to enable the receiving creditor to retain it as against another who proceeds upon or successfully for an adjudication of the invalidity of an assignment pursuant to which the payment is made. It is not seen that the doctrine sought to be applied in its relation to the transfer of property necessarily aids the plaintiffs. The sale of property to a creditor in payment of a debt, and taken by the latter solely for the purpose of such payment, cannot be defeated by another creditor by reason of the fraudulent intent on the part of the vendor, although the purchaser was cognizant of such intent of the vendor. (*Dudley* v. *Danforth*, 61 N. Y. 626.) And while the sale to the creditor has in the debt due him a valuable consideration for its support, he will not, without the aid of some new consideration be treated as a *bona fide* purchaser in such sense as to take title paramount to a prior equity or lien existing in favor of another. (*Ray* v. *Birdseye*, 5 Denio, 619; *Wood* v. *Robinson*, 22 N. Y. 567; *Seymour* v. *Wilson*, 19 id. 421.) This doctrine would be applicable to the case at bar if the plaintiffs had acquired a lien on the fund or the property producing it, prior to the time the payment was made to the defendant bank. But the contrary is the fact; and at that time the equity of the defendant was equal to that of plaintiffs. The title of the defendant to the money paid upon its claim did

not depend for support upon that of the assignee, as would be
the case of a stranger taking a transfer of property from the
trustee, but the payment was a performance of the directions
of the assignor in his assignment, and by force of those
directions the fund passed from the assignor through the act
of the assignee to the defendant in discharge of the debt due
to it, and it would seem that the latter could rest upon its
right to take the money paid and retain it, supported by title,
as effectually as if it had, without the aid of an assignee, been
paid to him directly by the debtor. (*Nat. B. & D. Bank* v.
*Hubbell*, 117 N. Y. 397.) This view is not inconsistent with
the fact that, when an assignment is set aside, the functions
of the assignee cease and the entire provisions of the instrument
fall. By reason of the voidable rather than the void nature
of such an instrument, and of the fact that it is valid between
the parties to it, the instructions given by it remain effectual,
and the execution of them may proceed until interrupted by
some legal process or proceeding having that effect. The view
here taken is that the invalidity of the assignment established
in the subsequent actions of the plaintiffs, did not have the
effect to restore the fund paid to the defendant to the estate
of the debtor for the purpose of relief in their behalf, nor was
it subject to any lien in their favor as creditors of the assignor.
Our attention is called to no adjudicated case presenting this
precise question, but *Murphy* v. *Briggs* (89 N. Y. 446) has
analogously in principle some application to the subject.
There a debtor conveyed real estate in fraud to his creditors,
and at his request the grantee made a mortgage upon the
premises to a creditor of the grantor to secure the payment of
a debt due from the latter to the mortgagee. The position
was taken by the attacking creditors, there as here, that as the
deed was set aside there was no title in the grantee to support
the mortgage. But the court held in effect that the security
for the payment of the debt was, in legal effect, furnished by
the grantor through his grantee, who then being apparently
vested with the legal title, was the instrument to execute the
mortgage, and that the mortgagee had, in the debt which it

was given to secure, a valuable consideration. In that case the mortgage was dependent for its support upon title in the mortgagor, while in the present one the payment may have been effectually made upon the mere instructions or directions of the debtor given to a person appointed by him to make it, unaided by title in the person executing such directions. The nature of the relation between an assignor and assignee for the benefit of creditors is not one of contract, but the assignee takes his position as such by appointment; and because the assignor, after making such assignment embracing his directions, ceases to have any dominion over the property, any successor to the assignee on his retirement by resignation or otherwise from the trust can only be appointed by the court. This has no essential bearing upon the question here further than it tends to illustrate the fact that the title is given to the assignee, simply to enable him to execute the directions of the assignor embraced in the instrument by which he is appointed. The fact, as has been held, that the assignee cannot, as against a creditor successfully attacking an assignment, retain moneys in payment of a preferred debt due from the debtor to him, or to a firm of which he is a member, is not inconsistent with the right of another creditor to hold that paid to him upon a debt due him from the assignor. The reason for this difference evidently arises out of the relation of the assignee as a party to the instrument creating a trust, and who is charged with its execution; and theroetically his right to funds which he is authorized by the assignment to take and apply to his own use, is not entirely perfected until his account of the execution of the trust is rendered and in some manner approved or established. This rule is generally applicable to trustees, and by statute is applied to executors and administrators who have claims against the estates represented by them.

In *Hone* v. *Henriquez* (13 Wend. 240) the question had relation to the claim of right by a creditor to set off his debt against the proceeds of property placed by the assignor in his hands to sell. The assignment was adjudged fraudulent and void and it was properly held he could not make the set-off.

His was not a case of payment, and he had no claim of title. The question here did not arise in that case. These views lead to the conclusion that payment by the assignee to a creditor of the assignor of the amount of the debt due him pursuant to the directions in the assignment before any lien is obtained upon the fund, is effectual to vest title in such creditor to the money so paid, although the assignment is, in an action subsequently commenced, adjudged fraudulent and void as against the creditors of the assignor.

We have thus far proceeded upon the assumption that the defendant had not in any manner participated in the fraud charged against the assignor.

The allegations in the complaint in the Knower action charging the collusion, after the assignment was made, of the assignors with the defendant and other preferred creditors, resulting in judgments and executions, and finally a sale of the property by the assignee and the return of the executions unsatisfied, would be effectual to support the action if the validity of the defendant's debt against the assignor were challenged by any allegation in the complaint. But in considering the question arising upon the charge referred to, it must still be assumed that such debt was honestly due from the assignor to the defendant. This charge had relation only to transactions after the assignment was made; and was to the effect that the defendant, with knowledge of the fraudulent design of the assignor, was seeking to obtain payment of the debt due to it. The only allegation tending to show a purpose to prejudice other creditors was that the defendant and such other preferred creditors directed the sheriff to seize and hold the assigned property upon the executions, and "thereby secure the same from the just and legal efforts of the unpreferred creditors to secure payment thereout of their just demands against the same, and to enable the said assignee to sell and dispose of the same under said alleged general assignment." No inference necessarily arises from such allegation that the defendant acted with any purpose other than to secure the payment of its own debt; and with that view it was at liberty

to procure confession by the assignor of judgment, issue execution and direct the sheriff to levy it on the property. And, as has already been observed, the mere fact of knowledge on the part of a creditor of the intent of his debtor to defraud his creditors by the disposition of his property to pay or in payment of the debt due from him to the former, does not prejudice the right of the creditor to seek and obtain payment. The case of *Mackie* v. *Cairns* (5 Cow. 547) has no necessary application to this branch of the present case. There the assignor, after making a general assignment for the benefit of creditors, which by reason of trusts reserved for his benefit was apparently fraudulent as against his creditors, confessed a judgment to the assignees, as such, while the assignment remained valid between the parties to it. The assignment and judgment were held to be fraudulent as against the creditors. The judgment so confessed and taken was intended to be resorted to only in the event the assignment should be adjudged invalid, and in the meantime the purpose of the assignees was to proceed in execution of the assignment. The result of the final determination was that the judgment was infected with the same vice as was the assignment itself. In the present case the confession of judgment was to a creditor and founded upon a valid debt. And it must be assumed that the defendant took it for its own benefit. This it had a right to do.

It is not seen how knowledge of the defendant at the time of the receipt of payment of its debt, that a suit was then pending in behalf of parties other than any of the plaintiffs here to set aside the assignment, can aid the plaintiffs or as against them prejudice the defendant. The other action referred to was in its effect and result available only to the parties plaintiff in it, and for the purpose and to the extent of their claim only, against the assignor would the adjudication in their favor set aside the assignment. (*Bostwick* v. *Menck*, 40 N. Y. 383.)

There is no other question requiring consideration.

The judgments should be affirmed.

All concur.

Judgments affirmed.