PATTERSON, J.
—The general assignment of Wickham & Co. to Newitter was valid as between the assignor and assignee. Before it was attacked by creditors the preferred -indebtedness of Munroe & Co. was paid. It was an honest debt, actually due, and, as said before, the trust to pay which was fully performed before the assignment was challenged. Ordinarily, that would suffice to protect creditors situated as Munroe & Go. were. Knower v. Central Nat. Bank, 124 N. Y. 560 ; 37 St. Rep. 89. But it is claimed by the plaintiffs that circumstances intervene to render the doctrine of the case cited inapplicable here. It is alleged in the complaint that Wickham & Co., the assignors, being insolvent, and having "been so for a long time, borrowed sums of money on bankers’ credits from the defendants Munroe & Co.; that these amounts were loaned by Munroe & Co. with full knowledge of such insolvency; that such loans were to be kept secret; that, in case Wickham & Co. should make an assignment, Munroe & Co. should be preferred for their claims; that, had the-plaintiffs (judgment creditors seeking' to avoid the assignment) ■known of their debtors’ insolvency, and of the secret arrangement,, they would not have sold the merchandise to the assignors. And on these allegations, coupled with the averments necessary to a standing in court to attack the assignment, the plaintiffs claim they have presented a prima facie case entitling them to relief against the defendants Munroe & Co., to compel them to make restitution of the money paid them by the assignee.
On demurrer to the complaint, it was held, at special term, that facts sufficient to constitute a cause of action were not pleaded, and in this conclusion we concur. The advancing of money to Wickham & Co. while that firm was insolvent was not fraudulent on the part of either the borrower or lender., That very transaction may have been resorted to to extricate the borrower from insolvency. Concealment of the transaction was not a fraud, because its divulgence might have precipitated disaster, and prevented the object of the loan. Nor were insolvency and suppression of'knowledge thereof necessarily fraudulent in Wickham & Co.’s dealings with the plaintiffs. Nichols v. Pinner, 18 N. Y. 295. Something more is required to render them so. The complaint fails to allege that Wickham & Go. neither intended nor expected to pay for the goods bought of the plaintiffs, or believed or had reason to believe they would not be able to pay for them. Thus far, then, for all that appears in the complaint, Wickham &■ Co., being insolvent, applied for loans of money so Munroe & Co. to aid them in their business. These loans were made, and th.ey were kept secret. But something more took place. The borrowers promised to prefer the lenders in the event of their being compelled to make an assignment for the benefit of creditors. Even this superadded fact does not make Munroe & Co. liable in equity to'the plaintiffs. The conditional agreement was not a fraud on creditors. As was said in Nat. Park Bank v. Whitmore, 104 N. Y. 304; 5 St. Rep. 716 :
*217 “A failing debtor may make an assignment preferring one or more creditors because he is under a legal, equitable, or moral obligation co do so, or he may do it from mere caprice or fancy, and the law will uphold such an assignment honestly made. If he may make such an assignment without any antecedent promise, why may he not make it after and in pursuance of such a promise? How can an act otherwise legal be invalidated because made in pursuance of a valid or invalid agreement honestly made ? In Smith v. Craft, 11 Biss. 340; 12 Fed. 856, Judge Gresham held .that such a conditional agreement for a future preference was a fraud upon creditors. But in the same case (17 Fed. 705), upon a rehearing, Judge Woods held that the same agreement was not fraudulent, and in a very satisfactory opinion showed that such an agreement as we have here, for a future preference in ease of insolvency, is not a legal fraud upon creditors. See, also, Walker v. Adair, 1 Bond, 158; Fed. Cas. No. 17,064; Anderson v. Lachs, 59 Miss. 111; Spaulding v. Strang, 37 N. Y. 135; 38 Id. 9; Haydock v. Coope, 53 Id. 68.”
Hone of the acts complained of, segregated or aggregated, constituted a cause of action against Munroe & Co., and the interlocutory judgment sustaining the demurrer should be affirmed, with costs and disbursements.
All concur.