ROTHCHILD v. LINK et al.

(Supreme Court, Appellate Division, Third Department.  May 4, 1898.)

1. CONFESSION OF JUDGMENT—SUFFICIENCY OF STATEMENT.
   A statement upon which a judgment was confessed, that the indebtedness was for money loaned, to the amount of $500, is sufficiently certain as to how the demand arose, as required by Code, § 1274, and the inference is that the loan was made when the note was given.

2. SAME—CONSTRUCTION.
   A statement that no part of the note or interest has been paid, and that the full amount thereof, and interest since the date of the note, are due and owing thereon, is sufficient to include interest in a judgment by confession.

3. JUDGMENT BY DEFAULT—VACATING.
   Under the rule of practice that plaintiff must wait 20 days after service before entering judgment on default, where the twentieth day fell on Sunday judgment rendered the Monday following was irregular; but the irregularity was not ground for setting it aside at the suit of a subsequent creditor, in the absence of fraud.

4. FRAUDULENT JUDGMENT.
   A judgment which gives preference to a certain creditor, though irregularly rendered, is not to be deemed, on that account alone, a fraudulent one.

Appeal from special term.

Theresa Rothchild against Morris Link and others.  From a judgment in favor of plaintiff, defendants appeal.  Reversed.

On November 19, 1894, the defendant Mannesovitch began an action against Morris Link to recover judgment on three promissory notes; and judgment was taken by default thereon upon December 10, 1894, and execution issued.  The 9th day of December being Sunday, this judgment was entered one day before Link's 20 days to answer had expired.  No proceedings, however, were ever taken by Link to vacate the judgment, nor was any appearance or answer ever served by him.  On December 10, said Link confessed a judgment to the defendant Safran upon a note for $500, dated October 1, 1892, payable two years from its date.  The judgment so confessed and entered that day was for $565.58, and execution was at once issued thereon.  On December 1, 1894, the plaintiff in this action commenced an action against Link, which resulted in a judgment in her favor, entered December 22, 1894, for $455.63.  This judgment was for goods sold to Link October 4, 1894.  On December 19, 1894, an attachment was issued in such action, and levied upon the goods of Link.  Such goods were, however. then subject to the lien of the executions issued upon the defendants' judgments above mentioned.  In January, 1896, this action was brought by the plaintiff to set aside the judgments recovered by Mannesovitch and by Safran as above stated, and the executions issued thereon, upon the ground that they were fraudulent and void as to her, having been taken through a conspiracy on their part with said Link to hinder, delay, and defraud her in the collection of her said debt.  Upon the trial of the action at special term, judgment was rendered in favor of the plaintiff, substantially for the relief asked in her complaint; and from that judgment the defendants take this appeal.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John H. Cunningham, for appellants.
Ashley & Williams (Edgar T. Brackett, of counsel), for respondent.

PARKER, P. J.  The decision made by the trial judge, and upon which this judgment was entered, contains neither findings of fact and law, nor a statement of the grounds upon which the issues have been

decided.    It is merely a statement of what judgment the plaintiff is
entitled to, and directing that such a one be entered in her favor.
What issues of fact the trial judge passed upon, and his reasons for
directing such a judgment, do not appear in his decision.    It ap-
pears, however, from his opinion, that he thought the Safran judgment
should be vacated because the statement on which it was confessed was
not sufficient, under section 1274 of the Code, and that the Manneso-
vitch judgment could not be sustained, as against the plaintiff, be-
cause it was entered before the 20 days for answering had expired.
As to the other questions presented by the complaint, he did not pass
upon them, nor were they seriously urged upon the argument before us.
Neither of the conclusions reached by the trial court can, in my opinion,
be sustained.    The statement upon which the judgment was confessed,
shows that on October 1, 1892, the defendant Link executed and deliv-
ered to Abraham Safran his note for $500, payable in two years from
that date, and that such note had been duly transferred to Anna Safran,
to whom the judgment was confessed.    It also appears from such state-
ment, fairly construed, that the payee therein loaned to the maker,
Link, $500, and that such note was given in consideration thereof.
The statement is not to the effect that the indebtedness was for money
loaned, and accrued interest thereon, to the amount of $500, but that
it was for money loaned to the amount of $500.    Hence there is no
uncertainty as to precisely how the demand for $500 arises.    The
fact that it is not distinctly stated just when the loan was made is not
very material.    The fair inference is that it was made when the note
was given.    It is also true that, in fixing the amount of the judgment,
interest has been figured on the loan from the date of the note, while
the statement does not show that the note bore interest from its date.
But the statement does not show that it did not bear interest, and so is
not inconsistent with the judgment confessed.    The statement is
that no part of the note or interest has been paid, and that the full
amount thereof, and interest since October 1, 1892, are due and owing
thereon.    This statement negatives the idea that the note extended
credit on the loan, without interest, for two years.    It shows beyond
all doubt just what the claim is based upon, and, in my judgment,
fully satisfies the requirements of the statute.    The confession itself
is not fraudulent or void on its face.    And particularly should it not
be set aside, as being for more than the indebtedness actually existing,
when it appears from the evidence taken on the trial that the note did,
by its terms, draw interest from its date.

As to the Mannesovitch judgment, it was confessedly irregular to
enter it on the 10th of December, but such an irregularity is not ground
for setting it aside at the suit of a subsequent creditor.    The rule of
practice that plaintiff must wait 20 days after service before entering
judgment on default is for defendant's benefit alone.    He may waive
it at his pleasure.    Though plaintiff violate that rule, and enter judg-
ment before he regularly may, it in no way affects the jurisdiction
of the court, and hence a judgment so entered cannot be attacked
collaterally.    In White v. Crow, 110 U. S. 183, 4 Sup. Ct. 71, an at-
tempt was made to have a judgment declared void because it had been
entered before the time for answering had expired.    The court re-

fused to so hold, and quoted as the correct rule, from Cornett v. Williams, 20 Wall. 226, the following:

"The settled rule of law is that, jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud."

See, also, Peck v. Richardson, 9 Hun, 567; White v. Bogart, 73 N. Y. 256; Maples v. Mackey, 89 N. Y. 146.

The distinction between the effect of a mere irregularity in the entry of a judgment, and a defective statement in the confession of one, is pointed out in Dunham v. Waterman, 17 N. Y. 14. The objection to this rule, that it furnishes an easy method for defrauding creditors, is of little force. There are several other ways in which a debtor may shorten the time for entering judgment against him, after action commenced. If either of such methods is taken in furtherance of a fraudulent scheme, the judgment may be set aside at the suit of the injured creditor; but, if it is a mere scheme to prefer one over another, there is no legal ground for the creditor to complain. I conclude, therefore, that the mere fact that judgment was entered on the 10th, instead of the 11th, of December, did not authorize the court to set this judgment aside at the suit of this plaintiff. A discussion, therefore, as to whether the subsequent order, directing its entry nunc pro tunc as of the 11th, was operative against this plaintiff, becomes unnecessary.

An examination of the evidence does not disclose any conspiracy or intent on defendants' part to defraud this plaintiff. The genuineness of the debts for which the judgments were taken and confessed is not challenged in the complaint, nor disproved by the evidence. Undoubtedly, there was an intent to give Safran and Mannesovitch a preference in the collection of such debts over this plaintiff, but such a preference may be lawfully given. Knower v. Bank, 124 N. Y. 552, 558, 27 N. E. 247; Delaney v. Valentine, 154 N. Y. 692, 699, 49 N. E. 65. And the instrument which gives it is not to be deemed, on that account alone, a fraudulent one.

The claim made by respondent's counsel, that we must assume that there was evidence sufficient to sustain the judgment rendered, because there is no certificate that the case contains all the evidence, is not sustained by the record before us. At folio 302 is a stipulation to that effect.

For these reasons the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.