THERESA ROTHCHILD, Respondent, *v.* ISRAEL MANNESOVITCH and ANNA SAFRAN, Appellants, Impleaded with MORRIS LINK.

*Judgment creditor's action — judgment entered by default prior to the expiration of the defendant's time to answer — it cannot be attacked collaterally — confession of judgment upon a note not stated to bear interest — effect of the addition of interest in the judgment.*

Although a judgment entered by default on the day prior to the expiration of the twenty days within which the defendant might answer is irregular, such irregularity may be waived by the judgment debtor, and such premature entry in no way affects the jurisdiction of the court. A judgment so entered cannot be attacked collaterally by another judgment creditor of the common judgment debtor.

A confession of judgment showed that on October 1, 1892, the judgment debtor executed and delivered his note for $500, payable in two years from that date, which had been duly transferred to the party in whose favor the judgment was confessed, and that the payee named in the note had loaned to the maker $500, and that such note was given in consideration thereof.

In determining the amount of the judgment, interest was figured on the loan from the date of the note, although the confession of judgment did not show that the note bore interest from its date.

In an action brought by a judgment creditor of the judgment debtor to set aside the judgment entered upon the confession upon the ground that it was fraudulent and void as to her,

*Held*, that, as the confession did not show that the note did not bear interest, it was not inconsistent with the judgment confessed, and that the statement

therein that no part of the note or interest had been paid, and that the full amount thereof and interest since October 1, 1892 (the date of the note), was due and owing thereon, negatived the idea that the note extended credit on the loan for two years without interest;

That the judgment entered upon the confession should not be set aside, especially as it appeared from the evidence taken on the trial that the note did, by its terms, draw interest from its date.

APPEAL by the defendants, Israel Mannesovitch and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 17th day of August, 1897, upon the decision of the court rendered after a trial at the Warren Trial Term before the court without a jury.

On November 19, 1894, the defendant Mannesovitch began an action against Morris Link to recover judgment on three promissory notes, and judgment was taken by default thereon upon December 10, 1894, and execution issued. The ninth day of December being Sunday, this judgment was entered one day before Link's twenty days to answer had expired. No proceedings, however, were ever taken by Link to vacate the judgment, nor was any appearance or answer ever served by him.

On December tenth said Link confessed a judgment to the defendant Safran upon a note for $500, dated October 1, 1892, payable two years from its date. The judgment so confessed and entered that day was for $565.58, and execution was at once issued thereon.

On December 1, 1894, the plaintiff in this action commenced an action against Link, which resulted in a judgment in her favor, entered December 22, 1894, for $455.63. This judgment was for goods sold to Link October 4, 1894. On December 19, 1894, an attachment was issued in such action, and levied upon the goods of Link. Such goods were, however, then subject to the lien of the executions issued upon the defendants' judgments above mentioned.

In January, 1896, this action was brought by the plaintiff to set aside the judgments recovered by Mannesovitch and Safran as above stated, and the executions issued thereon, upon the ground that they were fraudulent and void as to her, having been taken through a conspiracy on their part with said Link, to hinder, delay and defraud her in the collection of her said debt. Upon the trial of the action at Special Term, judgment was rendered in favor of the plaintiff

substantially for the relief asked in her complaint; and from that judgment the defendants take this appeal.

*John H. Cunningham,* for the appellants.

*Ashley & Williams* and *Edgar T. Brackett,* for the respondent.

PARKER, P. J.:

The decision made by the trial judge, and upon which this judgment was entered, contains neither findings of fact and law, nor a statement of the grounds upon which the issues have been decided. It is merely a statement of what judgment the plaintiff is entitled to, and directing that such an one be entered in her favor. What issues of fact the trial judge passed upon, and his reasons for directing such a judgment, do not appear in his decision.

It appears, however, from his opinion, that he thought the Safran judgment should be vacated because the statement on which it was confessed was not sufficient under section 1274 of the Code of Civil Procedure, and that the Mannesovitch judgment could not be sustained as against the plaintiff because it was entered before the twenty days for answering had expired.

As to the other questions presented by the complaint, he did not pass upon them, nor were they seriously urged upon the argument before us.

Neither of the conclusions reached by the trial court can, in my opinion, be sustained.

The statement upon which the judgment was confessed shows, that on October 1, 1892, the defendant Link executed and delivered to Abraham Safran his note for $500, payable in two years from that date; and that such note had been duly transferred to Anna Safran, to whom the judgment was confessed. It also appears from such statement, fairly construed, that the payee therein loaned to the maker, Link, $500, and that such note was given in consideration thereof.

The statement is not to the effect that the indebtedness was for money loaned and *accrued interest* thereon, to the amount of $500, but that it was for money loaned to the amount of $500. Hence there is no uncertainty as to precisely how the demand for $500 arises. The fact that it is not distinctly stated just when the loan

was made is not very material. The fair inference is that it was made when the note was given.

It is also true that in fixing the amount of the judgment, interest has been figured on the loan from the date of the note, while the statement does not show that the note bore interest from its date. But the statement does not show that it did not bear interest, and so is not inconsistent with the judgment confessed. The statement is that no part of the note or *interest* has been paid, and that the full amount thereof and interest since October 1, 1892, is due and owing thereon. This statement negatives the idea that the note extended credit on the loan without interest, for two years. It shows beyond *all* doubt just what the claim is based upon, and in my judgment fully satisfies the requirements of the statute.

The confession itself is not fraudulent or void on its face.

And particularly should it not be set aside as being for more than the indebtedness actually existing, when it appears from the evidence taken on the trial that the note did by its terms draw interest from its date.

As to the Mannesovitch judgment, it was confessedly irregular to enter it on the tenth of December, but such an irregularity is not ground for setting it aside at the suit of a subsequent creditor. The rule of practice, that plaintiff must wait twenty days after service before entering judgment on default, is for defendant's benefit alone. He may waive it at his pleasure. Though plaintiff violate that rule and enter judgment before he regularly may, it in no way affects the jurisdiction of the court; and hence a judgment so entered cannot be attacked collaterally. In *White* v. *Crow* (110 U. S. 183) an attempt was made to have a judgment declared void because it had been entered before the time for answering had expired. The court refused to so hold, and quoted as the correct rule from *Cornett* v. *Williams* (20 Wall. 226) the following : " The settled rule of law is that jurisdiction having attached in the original case, everything done within the power of that jurisdiction when collaterally questioned is to be held conclusive of the rights of the parties unless impeached for fraud." (See, also, *Peck* v. *Richardson*, 9 Hun, 567 ; *White* v. *Bogart*, 73 N. Y. 256 ; *Maples* v. *Mackey*, 89 id. 146.)

The distinction between the effect of a mere irregularity in the

entry of a judgment and a defective statement in the confession of one, is pointed out in *Dunham* v. *Waterman* (17 N. Y. 14).

The objection to this rule, that it furnishes an easy method for defrauding creditors, is of little force. There are several other ways in which a debtor may shorten the time for entering judgment against him after action commenced. If either of such methods is taken in furtherance of a fraudulent scheme, the judgment may be set aside at the suit of the injured creditor, but if it is a mere scheme to prefer one over another, there is no legal ground for the creditor to complain.

I conclude, therefore, that the mere fact that judgment was entered on the tenth instead of the eleventh of December, did not authorize the court to set this judgment aside at the suit of this plaintiff. A discussion, therefore, as to whether the subsequent order directing its entry "*nunc pro tunc*" as of the eleventh was operative against this plaintiff, becomes unnecessary.

An examination of the evidence does not disclose any conspiracy or intent on defendants' part to defraud this plaintiff. The genuineness of the debts for which the judgments were taken and confessed, is not challenged in the complaint nor disproved by the evidence. Undoubtedly there was an intent to give Safran and Mannesovitch a preference in the collection of such debts over this plaintiff, but such a preference may be lawfully given (*Knower* v. *Central Nat. Bank,* 124 N. Y. 552, 558; *Delaney* v. *Valentine,* 154 id. 692, 699), and the instrument which gives it is not to be deemed, on that account alone, a fraudulent one.

The claim made by respondent's counsel, that we must assume that there was evidence sufficient to sustain the judgment rendered, because there is no certificate that the case contains all the evidence, is not sustained by the record before us. At folio 302 is a stipulation to that effect.

For these reasons the judgment must be reversed, and a new trial granted, costs to abide the event.

All concurred.

Judgment reversed, and a new trial granted, costs to abide the event.