· SETH H. WHITE, Respondent, v. RENSSELAER BOGART et al., CALVIN H. BELL et al., Appellants.

In a contest over surplus moneys arising on foreclosure, certain judgments against the mortgagors were claimed to be prior liens. Each of these judgments, as appeared by the judgment-roll, was entered upon an indorsement on the summons or complaint, signed by the defendants, admitting due and personal service of the summons and complaint, waiving the twenty days time for answering, and consenting to the entry of judgment forthwith for the amount claimed. No time or place of service was specified. *Held*, that the judgments were valid liens; that the service of summons gave jurisdiction, and the omission to state the time and place of service, as required by the Code (§ 138), was an irregularity which could be supplied or might be waived by defendants; but that there was an appearance of the defendants in person, which was equivalent to and gave the court jurisdiction without personal service (Code, § 139); also, that the consent in each case that judgment be entered was equivalent to an offer of judgment under section 385 of the Code, which was accepted, in fact, by the entry of judgment, and the absence of a formal acceptance in writing was an irregularity not affecting the valid-

ity of the judgment ; and that, for the irregularities specified, the judgments could not be attacked collaterally.

In one of the cases, the proof of the genuineness of the signatures of the defendants to the admission was by affidavit of the plaintiff in the action. *Held*, that such proof was not made incompetent by the Code ; but, if the proof was defective, it was simply an irregularity not affecting the validity of the judgment.

(Argued April 2, 1878 ; decided April 9, 1878.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term as to the disposition of surplus moneys arising on sale under judgment of foreclosure herein.

The plaintiff herein, James P. Gould, Micale White, Calvin H. Bell and William Youmans, each filed notices of claim to the surplus, all the claims being founded upon judgments against the mortgagor.

The judgments in favor of plaintiff, James P. Gould and Micale White, were prior in date to the others, and were held to be the prior liens, and entitled to the surplus.

The judgment-rolls in the cases of the successful claimants were similar in form. The action in each case was upon a promissory note ; the complaint was verified. Upon the summons or complaint was an indorsement purporting to be signed by the defendants in the action, of one of which the following is a copy :

"*Delaware County, ss :* — I hereby admit due and legal personal service of the within summons and complaint, and consent that judgment be entered against me for the amount therein claimed forthwith, waiving the twenty days mentioned in the summons.

"March 4, 1875."

The signatures of the defendants to this instrument were proved by affidavit. In plaintiff's action, the affidavit was made by him. Judgment in each case was entered March 5, 1875.

*C. H. Bell,* for appellants. The service and proof as presented was not sufficient to authorize the clerk to enter judg-

ment. (Code, §§ 127, 134, 138, sub. 4, p. 246; *Read* v. *French*, 28 N. Y., 285, 295; *Trolan* v. *Fagan*, 48 How. Pr., 240.) A general appearance only waives a defect in service of process. (*Brett* v. *Brown*, 13 Abb. [N. S.], 295; *Carpenter* v. *Minturn*, 63 Barb., 293; 17 Abb., 36; Sup. Ct., rule 14.) Sufficient personal property having been levied on to satisfy the executions issued on the judgments, they were satisfied as to subsequent liens by such levy. (*Jackson* v. *Rowen*, 7 Cow., 13; *Ex parte Lawrence*, 4 id., 417; *Gran* v. *Bush*, 23 Wend., 490; 1 Sand. Ch., 195; Hermon on Ex., 254.)

*William Gleason*, for respondents. The objections urged, as irregularities are mere technicalities and devoid of merit. (27 N. Y., 300; 5 Barb., 13; 16 How., 129; Voorhies' Code [6th ed.], 595, note *i;* 34 Barb., 623; 21 How., 329; 9 N. Y., 275.) Any party may waive any statutory, or even constitutional, provision in his own favor. (2 Barb., 316; 2 Hill, 364, 366; 16 Hun, 567.) An objection a party can waive amounts to an irregularity. (9 Dowl., 487; 26 N. Y., 420; 60 Barb., 123.) Defendants were estopped from questioning the service, appearance, consent or right to enter judgment. (5 How., 381; 57 Barb., 13, 17; 33 id., 327; 5 Duer, 672; 10 Hun, 457; 9 id., 568; 6 How., 440; 5 id., 233; 11 id., 138; 1 Abb., 248; 2 id., 411; 8 How., 346; 14 id., 517; 46 id., 114; 5 Sandf., 423; 39 Barb., 141; 12 Abb. [N. S.], 334; 15 id., 24; 11 id.; 295; 2 Duer, 635; 4 id., 603, 605; 65 Barb., 293–295; 49 N. Y., 303; 1 Whittaker's Pr., § 59, pp. 307–308; 18 How. [U. S.], 259; 5 Duer, 605; 4 Rob., 16, 62; *Quinn* v. *Tillotson*, 2 Duer, 648–649; 3 R. S., 467, § 20 [5th ed.]; *Brown* v. *Nichols*, 42 N. Y., 26, 31; *Carpenter* v. *Minturn*, 65 Barb., 293–295; *Catlin* v. *Billings*, 16 N. Y., 622, 623; *Jones* v. *U. S. Co.*, 16 How., 123, 124; Voorhies' Code, § 246 note *d;* 133, note *b; Gere* v. *Gundlach*, 57 Barb., 13, 17; *Kimball* v. *Munger*, 2 Hill, 364; *Hilton* v. *Thurston*, 1 Abb., 318; *F. L. and Tr. Co.* v. *Dickson*, 9 Abb., 61, 65; *Read* v. *French*,

28 N. Y., 284, 294.)   The levy did not pay and extinguish the judgments.   (*Green* v. *Burke*, 23 Wend., 490; 2 Hill, 231; 4 id., 621, 2 N. Y., 451.)

ALLEN, J.   None of the objections to the judgments of White and others go to the jurisdiction of the court over the subject-matter of the actions or the persons of the defendants. All the defects in the proceedings, and in the judgments alleged, are mere irregularities not affecting the jurisdiction, questions of practice, and all, if not cured by the statute, might have been supplied by the order of the court, and the judgments made regular in form.   For the irregularity complained of, the judgments cannot be attacked collaterally. The due and regular service of the summons and complaint, in each case, was admitted by the defendants, and their signatures were proved by the oath of competent witnesses, unless it be said that the plaintiff who proved the admission of service in one of the actions was incompetent.   The statute, while it declares that the summons shall be served by some person other than the plaintiff, does not, in terms, make him incompetent to prove the admission of service.   (Code, §§ 133, 138.)   Service of the summons gave jurisdiction, and any defect in the proof would be supplied or might be waived by the defendants.   The admissions do not state the place of service, and to this extent were technically defective.   But there was an appearance by the defendants in person in the several actions, which was equivalent to a personal service of a summons, and gave the court jurisdiction of the persons, without the service of a summons and complaint. (Code, § 139.)   The consent that judgments be entered was the equivalent of an offer of judgment under section 385 of the Code; and, although there was no formal acceptance of the offers, they were accepted, in fact, by the entry of the judgments, and the want of a formal acceptance in writing, to be filed with and make a part of the record, was an irregularity merely, not affecting the validity of the judgments, and it may be filed at any time,

*nunc pro tunc,* by leave of the court, or may be waived by the party.

The order must be affirmed.

All concur, except MILLER, J., absent.

Order affirmed.