WILLIAM W. GILMORE, Respondent, *v.* EDWARD E. HAM, *et al.*, Appellants.

*Supreme Court, Fourth Department, General Term, February* 15, 1890.

1. *Witnesses. Credibility.*—In an action by the court without a jury, the trial court is not bound to adopt the testimony of the parties, though uncontradicted.

2. *Judgment. Validity.*—A judgment is not open to a successful attack, on the ground of irregularity, in a collateral action, by one who was not a party to the original action.

3. *Evidence. Creditor's action.*—In a creditor's action, it is not error to receive in evidence the extent of compensation received by the fraudulent transfer in the transaction of the debtor's business, to negative any claim of indebtedness from the latter for such compensation. So evidence as to the debtor's assets and property is also admissible.

Appeal from a judgment entered in Onondaga county upon a decision of Justice Merwin at a special term held in that county, in an action brought upon a judgment recovered by the plaintiff against the defendant Helen M. Gilmore in February, 1885, for $2.276.10. The plaintiff commenced this action in the nature of a creditor's bill to reach property and moneys that were alleged to have been fraudulently received from the judgment debtor by the other defendants.

*Hunt & Everson* for appellants.

*T. K. Fuller,* for respondent.

HARDIN, P. J.—Appellants contend that the findings of fact are not sustained by the evidence, and that upon the whole evidence there should be a reversal. Upon a careful examination of the evidence we find that there was a conflict; and we also find that there was some evidence support-

ing the findings of fact. If we could accept the testimony of the defendants, and give full credence to the same, we might be able to say that the findings of fact were so far at war with the other evidence that we should interfere, but we do not feel at liberty to take such a view of the case upon the record before us. Both of the appellants were called as witnesses, and gave testimony contradictory of the evidence produced by the plaintiff in respect to the principal transactions in regard to the property of the judgment debtor. It was for the trial court to determine what force and effect should be given to the evidence produced by the defendants. It was for the trial court to determine what credence should be given to the testimony of the defendants as witnesses upon the grave issues involved in the case, and the trial judge was not bound to adopt the statements of such witnesses. In Elwood *v.* Western Union Telegraph Company, 45 N. Y. 549, it was said that " courts and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statements of such witnesses. The doctrine of that case has been amplified and followed in numerous other cases since the decision thereof. Kavanagh *v.* Wilson, 70 N. Y. 177 ; Gildersleeve *v.* Landon, 73 Id. 609 ; Koehler *v.* Adler, 78 Id. 287 ; Longyear *v.* U. S. Life Ins. Co., 20 W. Dig. 165 ; Michigan Carbon Works *v.* Schad, 38 Hun, 71.

In Dean *v.* Van Nostrand, 23 W. Dig. 97, it was said by the court of appeals that witnesses situated as the defendants are in this action may be disbelieved by the court even though not contradicted at all. If, upon reading the whole evidence in the case, we were of the impression that had we been sitting as triers we should have found contrary to the findings of fact, still we would not be at liberty to follow such impressions for the purpose of overturning the findings made by the trial judge.

We are to give some influence to the circumstance that the trial judge saw and heard the witnesses, and was so situated that he had a better opportunity to judge in regard to

the truthfulness of their statements and to ascertain and determine the actual facts upon the contested issues. In Baird *v.* The Mayor, 96 N. Y. 567, it was said, viz.: " In reviewing the determination of a trial court on questions of fact, when the evidence is conflicting, an appellate court is not warranted in reversing upon the sole ground that, in its opinion, the trial court should have reached a different conclusion; to justify a reversal it must appear that the proofs so clearly preponderated in favor of a contrary conclusion that it can be said with a reasonable degree of certainty that the trial court erred in its conclusions."

After a careful examination of all the evidence found in the appeal book, and applying the rule which we have just quoted, we find ourselves disinclined to interfere with the findings of fact. It appears in the evidence that Helen M. Gilmore, the judgment debtor, as a part of the assets of her father's estate, received twenty shares of stock in the Washington County National Bank, and that the bank failed, and an assessment of $1,600 was levied upon the stock; and that at about that time her sister, Mrs. Ham, and her husband became aware of the facts relating to the failure of the bank and the liability of Helen to be assessed upon the stock; and to escape that liability they advised and influenced Helen to make such dispositions of her property as would avoid the collection of the assessment. Helen testifies upon that subject and uses the following language, viz. :

" They told me to fix it so there wouldn't anybody get my property away from me; Ham told me if any one came there not to sign any papers, and to tell them she hadn't any money; I signed some papers about the time the bank failed; I think Mr. Randall brought the papers to me to sign; I think at 16 Adams street; I don't know what papers I signed at the time the Greenwich bank failed; they were not read over to me before I signed them; Ham asked me to sign them; he did not tell me what they were for; I never borrowed any money of Ham; when the Greenwich bank failed,

I did not owe Mr. Ham any money; I never owed Ham any money; when the bank failed I sold the property at 16 Adams street; Ham attended to the business of selling that property."

We have not overlooked the circumstances disclosed that this witness was a person of feeble or impaired faculties, and that in the course of her cross-examination she, to some extent, varied, contradicted and disowned some of her testimony, which she had given in her examination in chief, but upon a consideration of all the circumstances disclosed in the evidence, we are satisfied that it was the duty of the trial judge to determine, from her evidence and the outlaying circumstances and incidents disclosed by the other testimony, whether or not upon the principal question involved she testified in accordance with the truth.

(2) It is contended by the appellants that there is "not one particle of evidence to support the finding, that said judgment was based upon a liability that was in existence prior to July, 1878." Upon looking into the several answers of the defendants, Ham and wife, we observe that they state "that on or about the year 1878 or 1879 the Washington County National Bank, so called, named in plaintiff's complaint, was and become wholly insolvent, and its stock and the stock held and owned by the said Helen M. Gilmore was and became entirely worthless, and the same was wholly lost to her."

It appears on the evidence that the bank failed in June, 1878. It appears that the mortgage which Helen Gilmore executed to Ham was dated August 1, 1877, and it was acknowledged July 5, 1878, and it was recorded on July 5, 1878.

After the evidence was given tending to show that that mortgage was made for the purpose of avoiding the liability of Helen, we think under the pleadings and the evidence as finally submitted to the trial judge he was entirely warranted in finding that the liability upon which the plaintiff's judg-

ment rests existed prior to July, 1878, and that the exception to the finding is unavailing.

3. Upon the trial the plaintiff offered in evidence the judgment roll against Helen M. Gilmore, which was objected to by the defendants, and it is now contended that the same was insufficient, and that the judgment " was void for want of authority shown or papers filed to justify the entry of said judgment." The judgment was entered in the clerk's office of Onondaga county February 20, 1885, for $2,276.70. In the judgment roll was a summons bearing date February 18, 1885, signed by the plaintiff's attorneys; and also a complaint which was verified on the 19th of February, and also an appearance signed by the attorneys for the defendant bearing date February 19, 1885, addressed to the plaintiff's attorneys, and also an offer to allow the plaintiff " to take judgment against her in this action in the sum of $2,249.41, with interest thereon from January 31, 1885, and costs of this action. Dated February 19, 1885, signed, Helen M. Gilmore; " also an acceptance of the offer of judgment signed by the plaintiff's attorneys and addressed to the defendant's attorneys with an endorsement thereon in the following words: " Received copy of within notice this 20th day of February, 1885. Defendant's attorneys served by me this 20th day of February, 1885; " signed by one of the plaintiff's attorneys; and also a formal judgment in which it was recited that there had been a personal service of the summons and complaint upon the defendant, Helen M. Gilmore, on the 19th day of February, 1885, " and the said defendant having appeared by Baldwin & Kennedy, her attorneys, and having offered in writing to allow the plaintiff to take judgment against her for $2,249.71, with interest thereon from January 31, 1885, and the costs of this action, which offer the plaintiff within ten days thereafter duly accepted in writing: Now on motion of * * * plaintiff's attorneys, it is adjudged, etc." The judgment is signed by the clerk. Upon the judgment roll is endorsed as fol-

38

lows: "Filed the 20th day of January, 1885, at 2 1-2 o'clock P. M."

We are of the opinion that the judgment was not void, and that the defendants in this action upon the trial now before us were not in a situation to avail of any irregularities in the entry of the judgment.

Somewhat similar objections were considered in White *v.* Bogart, 73 N. Y. 256, and in speaking of them, the court by ALLEN, J., said : " None of the objections to the judgments of White and others go to the jurisdiction of the court over the subject-matter of the action or the persons of the defendants. All the defects in the proceedings, and in the judgments alleged, are mere irregularities, not affecting the jurisdiction, questions of practice, and all, if not cured by the statute, might have been supplied by the order of the court, and the judgments made regular in form. For the irregularity complained of the judgments cannot be attacked collaterally ; " and in Bulger *v.* Rosa, 47 Hun, 436, it was held that a " general appearance by. the attorney for both defendants conferred jurisdiction upon the court of both the subject-matter of the action, and of the persons of the defendants; the defect in the offer was an irregularity only which did not render the judgment void, but only voidable upon a motion made by Bulger, and that it could not be attacked collaterally." In that case the court below had rejected the judgment-rolls, and held that the judgments were void, and for that error the judgment was reversed. We think it was properly held at the special term that the judgment was not open to a successful collateral attack by the appellants, who are not parties to that action, and that the judgment of the plaintiff, evidenced by the roll, was a proper foundation for this creditor's suit.

4. Upon the trial it appeared that the defendant, Ham, had at various times transacted business for the defendant, Helen M. Gilmore, and that in making loans for her he had received compensation therefor from the borrowers. We

think it was not error to receive in evidence the extent of compensation which he had received in the transaction of her business, as it tended to negative any claim which otherwise he might have been entitled to in compensation from her, and the exceptions to that class of evidence are unavailing to the appellants here. Nor do we think it was error to receive the evidence in respect to the assets or moneys possessed by Helen M. Gilmore, as it bore upon the questions of dispute as to the extent of her assets, and the dispositions made thereof, subsequent to her inheritance from her father.

We have looked at the other exceptions referred to by the learned counsel for the appellants, and are of the opinion that they furnish no sufficient ground for an interference with the result reached at the trial. The result reached at the trial seems to be in accordance with the doctrine laid down in Murtha *v.* Curley, 90 N. Y. 372, and the reasons given in the opinion delivered at the special term upon the general features of the case are quite satisfactory, and we have found no adequate ground upon which to interfere with the judgment pronounced at the special term. We must, therefore, affirm the same.

Judgment affirmed, with costs.

MARTIN and KENNEDY, JJ., concur.