CHARLES G. DOREMUS, Plaintiff and Respondent, *v.* ARRIEANNA M. DOREMUS, Individually and as Administratrix of PETER C. DOREMUS, and Others, Defendants and Respondents.

In the Matter of MAX LANG, a Purchaser, Appellant.

*Partition sale — merchantable title — what constitutes a release of a dower right — a secret trust — an erroneous description — amendment — an insufficient notice to creditors.*

Max Lang, who had purchased certain premises at a sale under a judgment, in an action brought for the partition of property which, at the time of his death, belonged to Peter C. Doremus, deceased, after an examination of the title objected to it and refused to complete the purchase.

In proceedings taken to compel him to pay the purchase-price it appeared that George F. Wing, who was the predecessor of Peter C. Doremus in the title, died in 1875 leaving a widow and a daughter, that he had been a lunatic, and that, in April, 1874, his wife had released her inchoate right of dower for value to the committee of her husband; that, in 1878, Wing's daughter, Marion F. Rockwell, had conveyed the premises to Doremus, which constituted his only title thereto, the committee never having conveyed to Doremus , that both the widow and the daughter were living, and that neither had been made a party to the partition suit.

*Held,* that as the widow had retained the consideration which she had received seventeen years before the commencement of this action from the committee of her husband, and had made during that period no claim of any kind for dower in the premises, her right to dower was barred.

It further appeared that Marion F. Rockwell, Wing's daughter, had notified the purchaser that she claimed to own the premises upon the ground that Doremus had, in fact, never paid her any consideration therefor, and had agreed to devise, or otherwise in some manner secure, the same to her; that judgment was entered in the partition suit in February, 1890, and that, in June, 1892, she had begun an action to enforce her claim against the heirs of Doremus. It was conceded that between the time when her deed to Doremus was given, in 1878 and June, 1892, other parties had acquired rights, in good faith for value and without notice, in the premises.

*Held,* that, as against such parties, Mrs Rockwell could not allege or sustain a secret trust.

Another objection was based upon the fact that the premises were erroneously described in all the papers in the partition suit, the description reading south-westerly from the southerly corner of Smith and Livingston streets, instead of south-easterly therefrom. There was no error in the deed to Wing, or in the one from Mrs. Rockwell. After the sale and before its confirmation the error was corrected by an order made in the action *nunc pro tunc,* and by the final judgment the necessary amendments were ratified.

*Held,* that the objection was untenable.

A further objection rested upon an alleged inefficiency in the notice to creditors, as to which it was shown that there were judgments docketed in the county against a part owner of the premises in favor of parties who never appeared before the referee, and who were not parties to the action, and that some part owners were omitted from the notice given by the referee. It appeared, however, that the only judgment-creditors of a party to the action, who were not brought in, were creditors of the plaintiff, who was named in such notice, and the referee reported that judgment and mortgage-creditors of the plaintiff appeared before him and proved their claims; that he had published the notices, caused official searches to be made, and had passed upon the claims against the plaintiff, and that there was no other general lien by judgment or decree upon the undivided share or interest of either of the parties, and that no creditor not a party to the action, having any general lien on any undivided share or interest in the premises by judgment or decree, had appeared before him on the reference to establish his claim in pursuance of the notice which he had published.

*Held,* that the defects in the notice were cured.

That while a purchaser will not be compelled to take a doubtful or unmarketable title, he cannot demand a title absolutely free from all suspicion or possible defect.

APPEAL by Max Lang, the purchaser of a piece of land sold by a referee in the above-entitled action of partition, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 27th day of July, 1892, denying his motion to be relieved from his purchase.

*Edward Kempton,* for the appellant.

*George Bliss,* for the plaintiff, respondents.

*Benjamin T. Kissam,* for the defendants, respondents, V. E. Doremus and another.

*Joseph Fettretch,* for the defendants, respondents, Crosby and others.

O'Brien, J.:

The action was brought for the partition and sale of various parcels of land and premises of which one Peter C. Doremus was alleged to have been in his lifetime the owner, and to have died, seized and possessed. At the sale, Max Lang, this appellant, purchased for $5,600 the house and lot situated on the south-westerly side of Livingston street in the city of Brooklyn, distant one hundred and thirty-four feet and eleven inches south-easterly from Smith street.

After examination of the title the purchaser served upon the referee a notice in writing of his objections and made formal demand for repayment of all moneys paid and expenses incurred by him on account of the purchase.

The objections still adhered to by the purchaser are:

First objection. One George F. Wing, a predecessor in the title, died intestate, seized and possessed of the premises on the 13th day of November, 1875, leaving him surviving Annetta Wing (now Annetta Curry), his widow, and Marion F. Derby (now Marion F. Rockwell), his only child and heir-at-law. On the 8th day of May, 1878, Marion F. Derby conveyed the premises to Peter C. Doremus. The widow never released to him or his grantor her dower right. George F. Wing, the decedent, had been however, prior to his death, a lunatic under commission, and his wife, in his lifetime, to wit, on the 2d day of April, 1874, executed and delivered to Samuel H. Crook, as committee of the lunatic's estate, an instrument purporting to release to him her right of dower. But the committee was never authorized to and never did convey away the fee in the premises, and the only title of Peter C. Doremus was such as he had acquired from the heir-at-law of the lunatic. The purchaser, therefore, objected that said widow being still alive the dower right still attaches. The widow was not a party to the partition suit.

This objection to the title presents the question as to whether or not it was competent for a wife to release to the committee of her lunatic husband her inchoate right of dower in her husband's lands, so that said lands should descend to her husband's heirs-at-law, free and acquitted from her dower right therein.

The deed, dated April 2, 1874, between Annetta Wing and Samuel H. Crook, as committee of the person and estate of George

F. Wing, lunatic, and which was properly acknowledged and recorded in 1874, shows that the release of dower was made in consideration of certain articles of household furniture and the payment to her of the sum of $3,500. The question thus presented on these facts is, in principle, governed by the case of *Jones* v. *Fleming* (104 N. Y., 430), wherein the court said : " It is provided in the Revised Statutes (3 R. S. [7th ed.], 2198, § 12) that, ' if before her coverture, but without her assent, or if after her coverture, lands shall be given or assured for the jointure of a wife, or a pecuniary provision be made for her, in lieu of dower, she shall make her election whether she will take such jointure or pecuniary provision, or whether she will be endowed of the lands of her husband, but she shall not be entitled to both.' "

In this, as in that case, the contract was made with the committee of the lunatic, and it here appears that the widow retained, and still retains, the consideration given her by the committee of her husband, and that she has never made, during the seventeen years since her husband's death, any demand for an admeasurement of her dower or any claim in regard thereto. The case of *Jones* v. *Fleming* is, therefore, an authority holding that, under such circumstances, her right of dower is barred.

*Second Objection.* Actual notice was given the purchaser by Marion F. Rockwell that she claimed to be the owner of the premises in question, and that Peter C. Doremus had never, in reality, paid her anything as a consideration for her conveyance to him, but at the time of his death held the property in trust for her, and under an agreement to secure the same to her by his last will and testament or otherwise.

In further urgency of such claim, said Marion F. Rockwell has commenced an action in this court to compel a conveyance to her of the premises by the heirs-at-law of said Peter C. Doremus, and the summons and complaint in such action and notice of pendency of the same were filed in the office of the clerk of Kings county on the 29th day of June, 1892.

Marion F. Rockwell was not a party to the partition suit, and her rights, if any, have thus not been concluded.

In answer to this objection it was shown that the deed given to Peter C. Doremus was a full covenant warranty deed for a valuable

consideration expressed therein, which deed was recorded in May, 1878. It is not claimed that any notice, actual or constructive, was given in any way, or that she made any claim until June, 1892, when she commenced the action referred to in the objection. It was shown that between the date and recording of the deed in May, 1878, and the beginning of the suit by Marion F. Rockwell in June, 1892, third persons had, in good faith, without notice and for a valuable consideration, acquired interests in the property. It also appears that the summons, complaint and notice of pendency of action were filed in this cause on May 9, 1888, and that judgment directing sale by a referee was entered in February, 1890.· The purchaser concedes that the third parties who, either by purchase or by taking mortgages, acquired interests in the property, did so in good faith and without any notice, actual or constructive, of the claim now made by Marion F. Rockwell, and "that the deed made by her to Peter C. Doremus * * * was given to or received by the said Peter C. Doremus under any agreement in her favor, express or implied and without any notice, actual or constructive, that the said deed was anything other than, on its face, it purported to be, namely, an absolute conveyance in fee simple for a good and valuable consideration."

This concession as to the knowledge possessed of any such claim by third persons who acquired interests in the property seems to dispose of this objection, because under such circumstances Mrs. Rockwell, having voluntarily made an absolute conveyance, could not be permitted as against them to allege a secret trust.

Third Objection. The complaint and all the papers throughout the partition suit erroneously describe the premises and place them a block away from their real location, namely, south-westerly from the southerly corner of Smith and Livingston streets instead of south-easterly therefrom.

The referee's published notice to lienors gives the names of only two shareowners and describes the property erroneously. And there are judgments of record in Kings county against shareowners in favor of parties who never appeared before the referee, and who were not parties to the action.

The referee sold the premises on February 29, 1892, under the notice of sale containing the error of location.

After sale, but before confirmation, an order *nunc pro tunc,* dated April 2, 1892, was entered in New York county purporting to cure this error of location.

It is conceded that the deed to Wing correctly described the premises as the one from Mrs. Rockwell to Doremus. And the error which crept into the preliminary proceedings in this action was due to a clerical mistake in describing the property as a certain distance south-westerly instead of south-easterly, from the southerly corner of Smith and Livingston streets. This error in the description was subsequently corrected by amendment, so as to describe the premises in question just as the purchaser claims it ought to be; and it is conceded that upon such amendment, and by the referee's supplemental report of sale, the error in the description was corrected, and subsequent to this, by final judgment, this report of the referee and the amendments made in the proceedings, with reference to the description, were ratified, confirmed and approved.

The most serious question presented upon this appeal has reference to the alleged insufficiency in the notice to creditors. But this, we think, was cured by the steps taken to correct the error. The affidavit in support of this objection shows that "there are judgments docketed in Kings county against Charles G. Doremus, the plaintiff, in favor of persons not parties to the action, which were not presented to, considered by or reported upon by the referee in this action."

So far as Charles G. Doremus is concerned, and creditors having claims against him, we think the notice was sufficient, for he was, in express terms, named in the caption of the notice published, and it appears from the referee's report that judgment and mortgage-creditors of Charles G. Doremus, not parties to the action, appeared and proved their claims pursuant to such notice. In addition, the referee reported that he had published the notices and caused official searches to be made; and after having passed upon the claims presented against the interest of Charles G. Doremus, he finds, with respect to the shares of the other parties, as follows: "That there is no other general lien or incumbrance by judgment or decree upon the undivided share or interest of either of the parties in the premises. And no creditor not a party to this action having any general lien on any undivided share or interest in the premises by judgment

or decree appeared before me on such reference to establish his claim in pursuance of the notice published by me as aforesaid."

It appearing that the objection of the purchaser was based upon judgments and claims outstanding as against Charles G. Doremus, one of the parties, with reference to whom, as we have shown, the notice was sufficient, resulting in the presentation of certain claims before the referee, and it not being made to appear that there are any claims outstanding as against him or any other person having an interest or share in the premises, we fail to see how this objection can be upheld. It would, no doubt, have been the better practice to have had the notice contain the names of all the parties to the action. But whatever injury might have resulted from a failure so to publish, it seems reasonably certain that this was cleared up by the official searches which were made by the referee with respect to the interests of all the parties to the suit. In view of the conclusion reached by the referee that there were no other liens against the premises than those reported by him, and in the absence of evidence showing that any other liens existed, we think this objection untenable.

It is true, as claimed by appellant, that the court will not compel a purchaser to take a doubtful title or an unmarketable one, nor will he be required to complete his purchase in case of reasonable doubt. But the decisions which support this view do not go to the extent of holding that a purchaser can demand a title absolutely free from all suspicion or possible defect.

In this case the questions presented are somewhat involved and require a marshaling of the facts and deliberation thereon for their solution. Having such facts before us, while questions respecting the title may, from time to time, arise, we do not think they are sufficiently grave to affect the title to the property or place the rights of the purchaser in jeopardy.

We are of opinion, therefore, that the order appealed from should be affirmed, with costs and disbursements.

Barrett, J., concurred.

Order affirmed, with costs and disbursements.