(Supreme Court, Special Term, New York County. November, 1896.)

1. FOREIGN CORPORATIONS—APPOINTMENT OF RECEIVERS.
   The courts of this state have not jurisdiction to appoint a receiver of a foreign corporation for the purpose of winding up its affairs, nor to sequestrate its property with a view to distribution, pursuant to section 1784 of the Code.

2. SAME—ENFORCEMENT OF JUDGMENTS.
   Where a complaint shows defendant to be a foreign corporation, with its principal place of business in this state; the recovery of judgments against it, and the return of unsatisfied executions thereon; insolvency of the defendant; fraudulent disposition of its property in this state; and the necessity of a receiver to reclaim that property for the benefit of the plaintiffs, judgment creditors,—a cause of action is disclosed to authorize the appointment of a receiver, and the appropriation of defendant's property to the satisfaction of the judgments.

3. SAME—EVIDENCE.
   Although nothing further appeared at the close of plaintiffs' case than insolvency of the defendant, a foreign corporation, judgments against it, and the

return of executions unsatisfied, *held*, that the relief above specified would, nevertheless, be granted, as defendant relied solely upon the untenable ground that the only authority for actions of this kind is under section 1784 of the Code,· which applies only to domestic corporations, without calling attention to· the defect of proof, and, moreover, had objected to it on the score of immateriality, and procured the exclusion of proof as to the other elements of the· cause of action.

4. JUDGMENTS—IRREGULARITIES.

The judgments upon which this action proceeds are not void because, purporting to be by default, the defendant had, in fact, duly answered, and tendered material issues for trial. Such judgments would be voidable only for irregularity, and are not open to attack in the present action.

(Syllabus by Pryor, J.)

Action by Henry Dreyfuss & Co. and another against Charles. Seale & Co. Judgment for plaintiffs.

Franklin Bien, for plaintiffs.
George W. Glaze, for defendant.

PRYOR, J. It is the indisputable law of this state that its. courts have no jurisdiction to appoint a receiver of the property and effects of a foreign corporation for the purpose of winding up· its affairs. Day v. Spring Co., 2 Duer, 608; Redmond v. Manufacturing Co., 13 Abb. Prac. (N. S.) 332; Murray v. Vanderbilt, 39 Barb. 140. Nor have the courts of New York jurisdiction to sequestrate the· property of a foreign corporation, with a view to a distribution, pursuant to section 1784 of the Code. Burgoyne v. Railroad Co. · (Sup.) 15 N. Y. Supp. 537. In the present action the prayer for· judgment indicates that its object is for such sequestration and distribution. But, an answer being interposed, "the court may permit the plaintiff to take any judgment, consistent with the case· made by the complaint, and embraced within the issue." Code, § 1207; Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548.

The complaint shows the defendant to be a foreign corporation, with its principal place of business in the state; the recovery of· judgments against it, and the return of unsatisfied executions on those judgments; the insolvency of the defendant; the fraudulent disposition of its property in this state; and the necessity of a receiver to reclaim that property for the benefit of the plaintiffs,. judgment creditors. That the allegation of facts is sufficient to· authorize the appointment of a receiver, and the appropriation of defendant's property to the satisfaction of plaintiffs' judgments, is clear upon principle, and firmly established by authority. De Bemer v. Drew, 57 Barb. 438, where it was held that, "if the court. has obtained jurisdiction of an action against a foreign corporation· by its appearance by attorney, it has power, after judgment rendered in such action, and execution returned unsatisfied, to appoint a receiver of the property and effects of the corporation." Similarly, in Murray v. Vanderbilt, 39 Barb. 140, it was adjudged that, "for the purpose of preserving the property of a foreign corporation for· the benefit of creditors or stockholders, a court of equity has ample· power to take charge of it, and to appoint a receiver." The fundamental principle of the asserted jurisdiction is "the duty of· the state to provide for the collection of debts from foreign corpo-

rations due to its citizens, and to protect them from fraud, whether against domestic or foreign corporations." Ingraham, J., in Howell v. Railway Co., 51 Barb. 378, 383. Cf. Dart v. Bank, 27 Barb. 337; Redmond v. Hoge, 3 Hun, 171; Redmond v. Manufacturing Co., 13 Abb. Prac. (N. S.) 332, 333. Independently, however, of the inherent power of a court of equity, an express provision of statute authorizes the appointment of a receiver in this action. Laws 1870, c. 151, §§ 3, 5, 7 Edm. St. at Large, 661; Code, § 1812. Obviously, the complaint exhibits a right to relief, and the motion to dismiss it on the opening was duly denied.

But the motion was renewed upon the plaintiffs' proof, and the question is whether the evidence established a cause of action. Upon the close of plaintiffs' case nothing more appeared than the insolvency of defendant, the judgments against it, and the return of executions unsatisfied. That the defendant had property in the state, or had made any transfer in fraud of creditors; that there was anything to sequestrate, or any debt for a receiver to collect, or any asset of defendant accessible by a creditors' suit,—is not supported by proof. For this defect, if properly pointed out, the complaint might possibly be dismissed; but the defendant stands expressly and exclusively upon another ground, saying:

"The point is, the corporation is a foreign one; that the only authority for an action of this kind is under section 1784 of the Code, which applies to corporations organized and existing under the laws of this state. * * * I move to dismiss upon that ground."

Had the defect of proof in question been called to the plaintiffs' attention, it might have been supplied. Webb v. Odell, 49 N. Y. 583. The ground assumed being untenable, and no other irreparable insufficiency of evidence apparent, the motion to dismiss should be denied. Raynor v. Hoagland, 39 N. Y. Super. Ct. 11. Indeed, plaintiffs were intercepted in producing the requisite proof by an objection from the defendant as to its materiality; and, in submitting the case for decision, the defendant still declines to complain of the omission of the evidence. Am I to dismiss the complaint for a defect in the proof to which the defendant makes no objection? Is the court to ignore a fact, evidence of which the defendant thus prevented? Having compelled the exclusion of proof because immaterial, may the defendant now avail of its absence because indispensable? As well by estoppel as by waiver, the defendant is precluded from recourse to so inequitable a position.

The defendant contends, further, that the judgments upon which the action proceeds are void, because, purporting to be by default, the defendant had in fact duly answered and tendered material issues for trial. Even so, the judgments are voidable only for irregularity, and are not here open to attack. I take it for an axiom of the law that a judgment by a domestic court of general jurisdiction is never void, unless without jurisdiction of the party or subject-matter; and that the judgment upon which a creditors' suit is founded may not be impeached for irregularity is settled by uniform adjudication. Miller, J., in Cooper v. Reynolds, 10 Wall. 308, 316; White v. Bogart, 73 N. Y. 256, 259; Gilmore v. Ham (Sup.) 10 N. Y. Supp. 48; Brooks v. Mayor, Id. 773; Bulger v.

Rosa, 47 Hun, 435, 438; Candee v. Lord, 2 N. Y. 269, 275; Freem. Judgm. (2d Ed.) c. 8, passim.

Judgment for plaintiffs, with costs. Submit decision in conformity with opinion.