WILLIAM H. CAHILL, Plaintiff, v. WILLIAM H. CAHILL, as Administrator, etc., of PATRICK J. CAHILL, Deceased, and Others, Defendants.

Supreme Court, Oneida County, December 27, 1927.

Partition — jurisdiction of parties — three parties were served out of State and admitted service and consented to judgment but no certificate of Secretary of State was attached to admissions — one defendant was not served but she had given power of attorney to another defendant to sell her interest — admissions of service were not filed ten days before interlocutory judgment as required by Civil Practice Act, § 235 — defect may be cured by filing admissions nunc pro tunc — admissions containing consent to judgment amount to offers and Civil Practice Act, § 235, does not apply — court did not acquire jurisdiction of defendant not served — defect curable by conveyance from her or her attorney to purchaser on sale — defect in title not shown by fact that purchase was made by one of parties who held power of attorney and subsequently assigned — persons taking assignment will be required to accept title upon compliance with suggestions for curing defects.

This is a proceeding to compel the assignee of a purchaser at a partition sale to complete his purchase. Two of the defendants in the partition action were personally served without the State and admitted service and consented to entry of judgment. The admissions were not accompanied by certificates of the Secretary of State of the State in which the service was made. One defendant admitted service within the State and consented to judgment. The fourth defendant was never served but she had previously given a power of attorney to another defendant who had been served empowering him to sell and convey her interests in the premises. This power of attorney was duly recorded. The

admissions of service were filed less than ten days before the entry of the interlocutory judgment. Since section 235 of the Civil Practice Act, which applies to partition actions, provides that service without the State without an order is complete ten days after proof thereof is filed, the interlocutory judgment was prematurely entered, but this irregularity does not affect the title to the property which has been sold, and may be cured by an order directing that the admissions be refiled as of a date ten days prior to the procuring of the order of reference and the entry of the interlocutory judgment, and, if necessary, a certificate of the Secretary of State in which the admissions were made may be procured to satisfy the requirements of section 311 of the Real Property Law.

All the admissions, except one, contained a consent that judgment may be entered. This consent is the equivalent of an offer of judgment and the entry of judgment may be regarded as the acceptance of the offer, and since offers of judgment are not required to be filed ten days previous to the granting and entry of the order of reference, the interlocutory judgment was not prematurely entered as to those defendants.

The court did not acquire jurisdiction over the defendant who was not served. The defect, however, can be cured by a conveyance from her or her attorney in fact, who is one of the defendants in the case, and the purchaser cannot object to the acceptance of a deed from the attorney in fact of said defendant, for the purpose of curing the defect in jurisdiction.

The interlocutory judgment authorized any party to the action to purchase the property. It was purchased by one of the defendants who held the power of attorney from the defendant who was not served. The purchaser assigned the bid to third persons whom it is now sought to compel to complete the purchase. The objection by the assignees, that the defendant so holding the power of attorney having bid in the property on the partition sale cannot legally execute a conveyance of the defendant's interest from whom he holds the power of attorney, is without force.

When the suggestions pointed out by the court have been complied with for the purpose of perfecting title, the assignees of the bidder will be required to accept title and complete the purchase.

APPLICATION to compel assignee of purchaser to take title on partition sale.

*Charles G. Irish,* for the application.

*Ernest E. DeRosa,* opposed.

WILLIAM F. DOWLING, J. The above application is a special proceeding. (Civ. Prac. Act, §§ 4, 5; *Parish* v. *Parish,* 175 N. Y. 181, 184.)

The above action was commenced by the filing of a summons and complaint and notice of pendency in the Oneida county clerk's office on May 26, 1927. The action involves a partition of a parcel of land known as 1005 George place, Utica, N. Y. All of the defendants in the action were personally served within the State of New York except Elizabeth Cahill, Marie J. Alter, Cecelia P. Gilbert and Gertrude C. Norman. The defendant Cecelia P. Gilbert on the 21st of June, 1927, in the city of Kingston, county

of Luzerne, Penn., admitted due and personal service upon her of the summons and complaint in this action, and in the same instrument offered to allow judgment to be taken against her for the relief demanded in the complaint. This admission of service and offer of judgment, certified by the prothonotary of the county of Luzerne, Penn., was filed in the Oneida county clerk's office August 16, 1927. No certificate of the Secretary of State of the State of Pennsylvania was attached to said admission of service, etc. The defendant Marie J. Alter, on the 20th of June, 1927, admitted due and personal service of the summons and complaint in this action upon her at the city of Winter Park, State of Florida, and in the same instrument said defendant offered to allow judgment to be taken against her for the relief demanded in the complaint. This admission of service had attached thereto a certificate of the clerk of the county of Orange, State of Florida. It was filed in the Oneida county clerk's office August 8, 1927. No certificate of the Secretary of State of the State of Florida was attached to said admission.

The defendant Gertrude C. Norman admitted due and personal service of the summons and complaint upon her at the city of Syracuse, N. Y., May 31, 1927, and offered and consented that judgment be entered against her for the relief demanded in the complaint. This admission of service was acknowledged May 31, 1927, and presumably was filed in the clerk's office of Oneida county August 16, 1927. It is included in a roll of affidavits of service, etc., stamped as filed on that date. The summons and complaint were never served upon the defendant Elizabeth Cahill, nor did she appear in any way in the action. The defendant Elizabeth Cahill, also listed as Elizabeth E. Cahill, by appropriate instrument in writing, executed to the defendant William H. Cahill a power of attorney empowering him to sell and convey her interests in the premises described and partitioned in this action, which power of attorney was dated March, 1927, acknowledged April 5, 1927, and recorded in the Oneida county clerk's office April 7, 1927, in book of Deeds 874 at page 391.

The defendant Gertrude Norman, on the 12th of March, 1927, gave a similar power of attorney to the defendant William H. Cahill, which instrument was recorded in the Oneida county clerk's office August 5, 1927, in book 874 of Deeds at page 409. On the 13th of August, 1927, upon application of the plaintiff, an order of reference was granted to S. Sheldon Judson to ascertain and report the rights and interests of the several parties to the premises, etc. This order refers to the proofs and admissions of service of the summons and complaint and the notices of appearance in

the above action. This order was filed in the Oneida county clerk's office August 16, 1927. On the 16th of September, 1927, the referee rendered his report, which report was filed in the Oneida county clerk's office September 28, 1927. By subdivision G of said report, the defendants Elizabeth Cahill, Gertrude C. Norman, Marie J. Alter and Cecelia P. Gilbert were found to be each entitled to an undivided one-twenty-eighth part of the premises described in the complaint. On the 24th of September, 1927, upon application duly made, interlocutory judgment was entered, confirming the report of the referee and appointing him referee to sell the premises described in the complaint, etc. This judgment was docketed in the Oneida county clerk's office September 24, 1927. Pursuant to the power given to the referee in the report, the premises were duly advertised for sale and sold by the referee on the 20th of October, 1927, at the Oneida county court house in the city of Utica, N. Y., to the defendant William H. Cahill, of the city of Schenectady, N. Y., for the sum of $1,640. *The interlocutory judgment provided that any party to the action might become a purchaser of the premises upon said sale.* The defendant William H. Cahill, on the 25th of October, 1927, by an instrument in writing dated and acknowledged that day, duly assigned and transferred his said bid and all rights accruing thereunder to Dominick A. Cardamone and Jennie Cardamone, which assignment of bid was duly filed in the Oneida county clerk's office November 15, 1927. On November 19, 1927, an order confirming the report of sale and directing the referee to convey the premises to the assignees of the purchaser, Mr. and Mrs. Cardamone, was duly entered in the Oneida county clerk's office.

The time for closing of the sale was fixed for November 25, 1927, by the referee. The assignees of the purchaser retained Mr. Ernest E. DeRosa, as their attorney, to examine the title to the premises herein. Apparently, the date for closing was extended indefinitely. The referee in due course tendered a deed of the premises to Mr. and Mrs. Cardamone, who, on the advice of their counsel, refused to accept the same upon three grounds, to wit: (a) That the said order of reference and inter-locutory judgment were prematurely obtained and granted; (b) that the court did not acquire jurisdiction over the person of Elizabeth Cahill; (c) that William H. Cahill is estopped from conveying the interest of Elizabeth Cahill under his power of attorney from her because of the fact that he bid in the property on the sale, and that a conveyance to the Cardamones would be the equivalent in law of a conveyance to himself.

Upon learning of said objections, counsel for the plaintiff pro-

cured from the defendant William H. Cahill and his wife a warranty deed of their interests in the above-described premises and also a quitclaim deed of the interests of said Elizabeth Cahill, known also as Elizabeth E. Cahill, and the other non-resident defendants, duly executed by the defendant William H. Cahill as their attorney in fact, pursuant to the aforementioned powers of attorney. The said Cardamones refused the tender and again refused to complete the purchase upon the grounds aforementioned.

Upon the refusal of the said Cardamones to complete their purchase, plaintiff instituted this proceeding to compel the said Cardamones to carry out and complete the terms of the purchase. The motion came on to be heard before the court on the 10th of December, 1927, at the court house, Utica, N. Y. The said Cardamones appeared by their attorney, Mr. Ernest E. DeRosa, and the plaintiff appeared by his attorney, Mr. Charles G. Irish. No objection has been raised here as to the form of the proceeding, namely, that it has been instituted by affidavit and notice of motion rather than by petition and notice of motion or order to show cause, and I shall assume that any objection in that regard is waived by counsel for the Cardamones; nor is the good faith of William H. Cahill shown in question.

The first question raised by the purchasers is to the effect that the order of reference and interlocutory judgment were prematurely procured and entered, in that service of the summons upon the defendants above mentioned had not been perfected as required by section 235 of the Civil Practice Act. Section 235 of the Civil Practice Act is as follows:

" Personal service out of the state without order. Where the complaint demands judgment that the defendant be excluded from a vested or contingent interest in or lien upon specific real or personal property within the state or that such an interest or lien in favor of either party be enforced, regulated, defined or limited, or otherwise affecting the title to such property * * *. Service without the state without an order is complete ten days after proof thereof is filed."

The object of partition proceedings is to enable those who own property as joint tenants or coparceners or tenants in common to put an end to the tenancy so as to vest in each a sole estate in specific property or an allotment of the lands or tenements. Unless such a division can be accomplished, then the joint estate should be sold and the proceeds divided. (20 R. C. L. p. 716, subd. 2.) At common law, partition could be made by the consent of all the owners, but could not be compelled by one cotenant against the will of the others except in the case of coparceners. Law

writers tell us the Court of Chancery in England assumed jurisdiction of the partition of real estate at a date so early as to be lost in obscurity. For centuries, in England, the Court of Chancery and the courts of common law exercised concurrently jurisdiction in partition. Upon the independence of the colonies in this country, the suit in equity, as well as the common-law remedy for partition, was adopted. As early as 1785 an act for the compulsory partition of lands was passed. (*Hewlett* v. *Wood*, 62 N. Y. 75, 76; 20 R. C. L. p. 723, subd. 8.)

The complaint herein, in the prayer for relief, prays that a partition and division be made of the real estate in question among the several parties seized of or entitled thereto, according to their respective estates and interests therein, or in case said real estate and premises cannot be divided among the owners thereof without material injury to the parties interested therein, that the said real estate and premises be sold, etc., and the proceeds divided among the entitled parties, and that all of the parties to the action be barred of all right, title and interest in said premises in possession, reversion, remainder or otherwise.

Bearing in mind the above definition of partition, and the provisions of section 235 of the Civil Practice Act, it is apparent that the provisions of said section apply to an action in partition. Consequently, service of the summons without the State had not been perfected when the order of reference and interlocutory judgment were granted and entered herein, as ten days had not elapsed between the filing of the admissions of service of summons and the granting of the order of reference and interlocutory judgment. This defect is not fatal to the jurisdiction of the court. At the most, it is only an irregularity and does not affect the title of the property in question. An irregularity of this character may be cured. (*Noethinger* v. *Jeffries*, 108 Misc. 372, 378; *Waring* v. *Waring*, 7 Abb. Pr. 472; *Doremus* v. *Doremus*, 66 Hun, 111; *Cornell* v. *Cornell*, 14 N. Y. St. Repr. 612; affd., 109 N. Y. 644.)

Notwithstanding the fact that the admissions of service have already been filed in the Oneida county clerk's office, in order to cure the defect complained of, an order may be entered directing that they be refiled as of a date ten days prior to the procuring of the order of reference herein. If it is necessary that certificates of the Secretaries of State of the State of Pennsylvania and the State of Florida be procured to make the admissions of service comply with the requirements of section 311 of the Real Property Law, as amended, certificates of the officers taking the acknowledgments upon said admissions of service may be procured and attached to said admissions of service *nunc pro tunc* as of the date of refiling of

the same. This holding is not in conflict with the decision in *Cream City Furniture Co.* v. *Squier* (2 Misc. 438).

The admissions of service of summons, in all but one instance, namely, that of Elizabeth Cahill, contain a consent that judgment be entered against the defendant so admitting service for the relief demanded in the complaint. This consent is the equivalent of an offer of judgment. Although there was no written acceptance of said offers of judgment, nevertheless the entry of the judgment herein is the equivalent of a due acceptance of said offers of judgment. (*White* v. *Bogart*, 73 N. Y. 256, 259.) Said offers of judgment are not required to be filed ten days previous to the granting and entry of the order of reference herein, as they do not come within the provisions of section 235 of the Civil Practice Act.

The second objection is that the court acquired no jurisdiction over the person of the defendant Elizabeth Cahill, also written as Elizabeth E. Cahill. It is conceded that the summons and complaint were not served upon her; that she did not appear in the action, admit service or offer judgment for the relief demanded in the complaint. This objection is well taken because it goes directly to the jurisdiction of the court. This defect, however, can be cured by a conveyance from her or her attorney in fact if she is of full age and under no disability. (*Miller* v. *Wright*, 109 N. Y. 194.)

The third objection is to the fact that the plaintiff, William H. Cahill, holding as he does, a power of attorney from the non-resident and resident defendants so admitting service, having bid in the property on the partition sale, cannot legally execute a conveyance of said defendants' interests therein to the said Cardamones, as such act would be in effect a conveyance to himself, and that such practice is inhibited under the law. There is no substance in this contention. The mere fact of a purchase by an agent appointed to sell or convey does not render a sale absolutely void, but voidable only. Where, however, as here, the agent buys the property openly and fairly as in the instant case, and his good faith is not challenged, the sale may be upheld. (2 C. J. 702, § 359.) William H. Cahill, under any view of the facts herein, could not be considered as conveying to himself. Under the terms of the judgment of partition and sale entered herein, any party to the action was entitled to purchase. He bid the property in at the highest price obtainable on the sale, and without taking any title to himself, he assigned his bid to the said Cardamones. He now, as attorney in fact for Elizabeth Cahill, also called Elizabeth E. Cahill, tenders a deed of her interests in the premises in question, executed by himself as her attorney in fact. Such a deed would

effectively cut off her interest in the property and render the title, as far as her interest is concerned, valid. The title of the defendants offering judgment and admitting service of summons herein will have been effectually cut off by the interlocutory judgment upon compliance with the above suggestions. The entry of the order *nunc pro tunc* directing the refiling of said admissions of service, the execution of the deed from Elizabeth Cahill, sometimes called Elizabeth E. Cahill, the attaching of certificates of the Secretaries of State to the admissions of service of summons, if deemed to be necessary, will render the title offered to the said Cardamones marketable and sound, so far as the parties to this action are concerned.

I am aware of the fact that the title of a purchaser at partition sale must be free from reasonable doubt. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Toole* v. *Toole*, 112 id. 333; *Sandford* v. *White*, 56 id. 359.) The burden is on the purchaser, however, to show the facts which invalidate the title. (*Goodwin* v. *Crooks*, 33 Misc. 39; affd., 58 App. Div. 464.)

A purchaser cannot demand a title absolutely free from all suspicion or possible defect. (*Doremus* v. *Doremus, supra.*)

The plaintiff is entitled to an opportunity to cure the defects complained of. Consequently, the said Cardamones should accept the conveyance tendered them by the plaintiff under power of attorney from the defendant Elizabeth Cahill, sometimes called Elizabeth E. Cahill. Upon the plaintiff's complying with the suggestions above set forth, the respondents herein will be required to accept the title and complete the purchase herein.

Ordered accordingly, without costs.