ESTHER FRIEDMAN, Plaintiff, *v.* JOSEPH BLATT and Others, Defendants.

Supreme Court, Special Term, Bronx County, July 29, 1940.

*Isidor Tankus*, for the plaintiff.

*Richard I. Weiser*, for the defendant Joseph Blatt.

EDER, J. The defendant Joseph Blatt has been duly served with a copy of the summons and complaint in this action and opposes the appointment of a receiver herein. On the general issue as to whether a receiver should be appointed, I am of the opinion that the motion should be granted for I feel that it is to the best interests of all concerned that the property and the income therefrom should be conserved under the control of the court.

There is, however, a legal objection raised in opposition which must be disposed of. All necessary parties are named as defendants, but it is maintained by the above-named defendant that until all parties having an interest in the property have been brought in by actual service of the summons and complaint upon them, no action in partition which complies with the statute is in existence, saying: " The cases have followed this rule." No cases though are cited

to sustain this claim. I do not understand that this is the rule. Jurisdiction was acquired by the service of the summons on the defendant Joseph B att; that seems to me to be enough, *prima facie*, to vest this court with jurisdiction to appoint a receiver *ad interim* to protect and conserve the estate.

It is undoubtedly true that any judgment rendered in partition cannot affect or bind a defendant not served (*Cahill* v *Cahill*, 131 Misc. 99), but I do not see how it deprives this court of the power to appoint a receiver where jurisdiction has actually been acquired by service of the summons on one of the defendants.

Of course, it is the duty of the plaintiff to serve all defendants and adequate provision is made for dismissal of the complaint upon failure to do so. Section 180 of the Civil Practice Act, entitled, " Dismissal of complaint for neglect to serve summons," provides: " Where in an action against two or more defendants, the plaintiff unreasonably neglects to serve the summons upon one or more of them, without whose presence a complete determination of the controversy cannot be had, the court, in its discretion, upon the application of a defendant who has appeared in the action, may dismiss the complaint as against him and render judgment accordingly." This is the remedy in such a situation.

Motion granted. Settle order on one day's notice.