(8 Misc. Rep. 606.)

## GUYER v. RAYMOND.

(City Court of Brooklyn, General Term.  May 28, 1894.)

SUMMONS—PUBLICATION AS TO UNKNOWN DEFENDANTS.
    In an action for partition, service of summons by publication on a de-
    fendant who had been absent and unheard of for 18 years, and on his
    wife, if any, his heirs, grantees, devisees, or assignees, as unknown de-
    fendants (Code Civ. Proc. § 438), is sufficient to cut off his brothers and
    sisters, whose names are known, in case it should afterwards appear that
    such defendant had died, leaving no wife or children, and no devisees,
    grantees, or assignees.

Controversy between Eliza Guyer, as plaintiff, and Jasper N. Ray-
mond, as defendant, submitted on agreed statement of facts.  Judg-
ment for plaintiff.

Argued before CLEMENT, C. J., and VAN WYCK and OS-
BORNE, JJ.

Luther W. Emerson, for plaintiff.
Frederick C. Leubuscher, for defendant.

VAN WYCK, J.  This controversy comes before us upon agreed
facts, under sections 1279–1281 of the Code of Civil Procedure.  In
a partition suit, one of the record owners, James Mahady, had been
absent from the state, and unheard of, for 18 years.  It was not
known whether he was living or dead, or whether he was married
or unmarried, or whether he had children or not.  It is conceded
that service of the summons therein was duly made on him and on
his wife, if any, his heirs, grantees, devisees, or assignees, as un-
known defendants, by publication, pursuant to an order under and
by virtue of section 438 of the Code of Civil Procedure.

The contention of defendant herein, who is under contract to
purchase the premises from the plaintiff, the purchaser at the parti-
tion sale, is that, if James Mahady is dead, and left him surviving
no wife or children, no devisees or grantees or assignees, that then
his brothers and sisters, whose names are known, cannot be cut off
by the judgment of partition as unknown defendants.  This mode
of service on unknown defendants is applicable to partition actions
by section 1541 of the Code of Civil Procedure.  Assuming that
James Mahady was dead at the time of the commencement of the
partition action, and that no one had heard from him after he de-
parted from the state at the age of 19, some 18 years before, can it
be seriously questioned by any one, without some proof, that he
died without marrying, or without children or devisees, or without
granting or assigning his interest, and that those who succeeded
to his interest are unknown?  If he is dead, his heirs are unknown,
for who can say who they are without some proof on the subject?
We think his heirs, whoever they may be, are bound by the judg-
ment, for they were properly served as unknown defendants.
Wheeler v. Scully, 50 N. Y. 667; Moran v. Conoma, (Super. N. Y.)
13 N. Y. Supp. 625; Abbott v. Curran, 98 N. Y. 665.  The plaintiff
is entitled to judgment, with costs and disbursements.  All concur.