(33 Misc. Rep. 39.)

### GOODWIN v. CROOKS et al.

(Supreme Court, Special Term, New York County. November, 1900.)

1. PARTITION—PARTIES—DEATH—EVIDENCE—DEPOSITIONS.

Where, in partition, the death without issue of one whose heirs would have had an interest in the property was shown by a portion of a deposition taken in another case on motion by the purchasers at partition sale to be relieved of their purchase because of alleged defects in the proceedings, a contention that the whole of the deposition might have weakened the evidence was without force, since, the death without issue being prima facie established, the burden was on the purchasers to show it otherwise.

2. SAME—EVIDENCE.

Where, on motion by purchasers at partition sale to be relieved from their purchase because of alleged defects in the proceedings, it was contended that the nonexistence of persons who would have had an interest in the property if living was not sufficiently shown, and, while the evidence might have supported another conclusion, it appeared that the fact was not reasonably open to dispute, the objection was of no avail.

3. SAME—LEGACIES—PAYMENT.

On motion by purchasers at partition sale to be relieved of their purchase because of alleged defects in the proceedings, an objection that a legacy payable from the proceeds of sale was directed paid without interest was without force, it appearing that all persons interested as distributees were parties, that the extent of the lien was determined by the judgment, and that the claims of creditors were not liens on the real estate.

4. SAME—CREDITORS OF LEGATEE.

Where purchasers on partition sale moved to be relieved from their purchase because of alleged defects in the proceedings, substantial administration as to the creditors of one to whom a legacy was paid from the proceeds of sale having been had through a committee, an objection that the parties in interest should have procured the appointment of an administrator to receive the fund was without force.

5. SAME—NOTICE OF SALE—JUDGMENT—VARIANCE.

The fact that the notice of referee's sale on partition was so framed as to cover all the "right, title, and interest" of the owners did not prevent the purchasers at the sale from taking a complete title according to the order of sale.

6. SAME—CONFIRMATION—EFFECT.

Where the referee's notice of sale on partition was so framed as to cover the "right, title, and interest" of the owners, parties interested in the proceeds of sale could not complain, after confirmation of the sale, that the form of the notice lessened the bids.

Partition by Mary Goodwin against John J. Crooks and others. Motion by purchasers at a sale under an interlocutory judgment to be relieved from their purchase. Motion denied.

Herbert S. Ogden, for the motion.
Lucius A. Waldo, opposed.

BISCHOFF, J.    The marketability of the title is questioned, not by reason of matters connected with the source or the chain of title, but because of asserted defects in the proceedings in this action.    Examining the points raised, I conclude that the objections made by the purchasers are not tenable, and that the motion should be denied, for the reasons following:

1. The fact of the death, without issue, of John Grady was sufficiently proven by the testimony of Rebecca Gallagher, taken upon a commission produced from the files of the county clerk's office and read in evidence.    The sufficiency of this very testimony was passed upon by the court of appeals (Gallagher v. Crooks, 132 N. Y. 338, 30 N. E. 746); and the purchasers' suggestion that the testimony might be found to have been weakened if the whole of the record of the deposition were in evidence cannot be adopted for the purposes of this motion.    Prima facie, the fact was established, and, since the record in question was and is open to examination by the purchasers, their motion, on this head, should be founded upon the fact that the deposition did indeed contain contrary evidence; the burden being upon them to show the probability that the title is invalid through the omission of a party whose nonexistence is otherwise sufficiently to be inferred.    Lenehan v. College of St. Francis Xavier, 51 App. Div. 535, 64 N. Y. Supp. 868.

2. The authority last cited has application also to the objection touching the proof of the death of Frederick Ackland without brothers and sisters.    The testimony given at the hearing before the referee upon this point may have been open to objection as a conclusion, and to a double construction; but it appears from the affidavits of the same witnesses, furnished at the request of the purchasers, and now filed, that the fact found by the referee is not reasonably open to dispute, in the absence of any proof tending to the contrary.

3. As to the provision of the judgment whereby the legacy of $1,000 payable to John S. Hannigan, deceased, is directed to be paid into court, the objection that the fund does not cover interest seems without force.    All persons apparently interested as distributees of his estate are parties, and are bound by the directions of the judgment. Furthermore, the extent of the lien arising from this legacy was determined by the judgment; and it is not readily conceivable that the fact is open to question in the future by possible creditors of this deceased party in interest, since the claims of such creditors were not liens upon this real estate, and their rights were properly to be represented by an administrator whose appointment they could have procured.    Upon the present record, I do not understand that the question of the extent of the lien of this legatee, as found by the judgment, is a matter which has any effect upon the title offered.

4. The same considerations apply to the distribution of the amount of the legacy of the deceased legatee, Bernard Hannigan, except that in this instance substantial administration, as to creditors, was had through the offices of a committee.    The purchasers do not claim that this fund should be paid into court, under special provisions of the stat-

ute; the contention being merely that the parties in interest should have procured the appointment of an administrator to receive the fund. No such requirement is found in the statute, nor would the step seem to be necessary for the protection of the purchasers, in any aspect.

5. The title being in other respects valid, I do not think that the proceedings are rendered infirm because the referee's notice of sale was so framed as to cover a sale of "all the right, title, and interest" of the parties named. The purchasers, by the referee's deed, will receive a complete title to the property itself, according to the directions of the interlocutory judgment; and, while it might have been claimed by the parties interested in the proceeds of sale that the form of the notice might have lessened the available bids, that question is settled, as to them, by the confirmation of the report of sale. Certainly the purchasers did not bid more under this notice than they would have offered had the notice been in the exact words of the interlocutory judgment, and no such claim is made.

Motion denied, with $10 costs.