Oliver R. McKenzie, Plaintiff, v. Henry V. Woodward, as Administrator, etc., et al., Defendants.

(Supreme Court, Monroe Special Term, August, 1917.)

Partition — action for — title — affidavits — service by publication — jurisdiction — judicial sales.

> A purchaser at a partition sale who refuses to complete his purchase is required to point out the defect relied upon in the title and if it depends upon an impossible or remote contingency or upon the construction of inconsistent, conflicting or ambiguous statements in the affidavits on an application for an order for service by publication the court will disregard the defect and will give the statements in the affidavits such a construction if possible as will sustain the proceedings.

> Where jurisdiction to issue an order for service of a summons upon unknown defendants by publication depends upon the construction to be given to conflicting, inconsistent or ambiguous statements in the affidavits upon which the application for the order was made, the supplemental summons bringing in unknown defendants and the complaint in the action will be examined to ascertain the theory of the application for the order and the intention of the plaintiff and a construction of these statements in the affidavits will be adopted if possible which will sustain the proceedings rather than one which will invalidate them.

Motion to compel the purchaser at a partition sale to complete his purchase.

Henry V. Woodward, for plaintiff, for the motion.

Andrew E. Tuck, for purchaser, opposed.

Rodenbeck, J.  1. The purchaser at a judicial sale attacking a title has the burden of showing facts which impair the title (*Greenblatt* v. *Hermann,* 144 N. Y. 13; *Seitz* v. *Messerschmitt,* 117 App. Div. 401, 407; *Hagan* v. *Drucker,* 90 id. 28; *Goodwin* v. *Crooks,* 33 Misc. Rep. 39), and where the validity of

the title depends on an impossible or remote contingency the court will compel specific performance. *Ferry* v. *Sampson,* 112 N. Y. 415; *Cambrelleng* v. *Purton,* 125 id. 617; *Hamershlag* v. *Duryea,* 58 App. Div. 288; *Empire Realty Corp.* v. *Sayre,* 107 id. 415; *Seitz* v. *Messerschmitt, supra.* If the defect relied upon is based upon the construction to be given to inconsistent, conflicting or ambiguous statements in affidavits on an application for an order for service by publication the court will give the statements in the affidavits such a construction, if possible, as will sustain the proceedings.

2. Following these rules the order for service by publication in this case should be sustained and the purchaser upon the partition sale should be required to complete his purchase. The only question involved on this motion is whether or not the affidavits upon which the order for publication was made against unknown defendants were sufficient to confer jurisdiction. The Code provides that a summons may be served by publication where the defendant remains unknown to the plaintiff after the latter has made diligent inquiry. Code Civ. Pro. § 438, subd. 1. While the action was pending one of the defendants died and the plaintiff sought to bring in as unknown heirs the parties who would be entitled to inherit her share of the real estate and obtained an order for service by publication. The action proceeded to judgment and sale and the purchaser now refuses to complete the purchase on the ground that the affidavits upon which the order for service by publication was made show that the defendant died intestate without leaving any persons entitled to inherit her interest in the real estate in which event her interest escheated to the state which should have been made a party defendant.

The objection is not well taken. After the death of the defendant the plaintiff first moved to amend his complaint and for that purpose obtained an order permitting him to file a supplemental complaint. Upon this order a supplemental complaint was filed and served in which it was alleged that the persons who were entitled to inherit under the deceased defendant were " unknown " to the plaintiff and a demand was made that their interest be ascertained and determined. The court upon motion also ordered that a supplemental summons be issued to include persons " unknown " who may have an interest in the real estate of which the deceased defendant died seized. Thereupon an application was made for an order for service by publication upon affidavits in which order it was recited that the deceased defendant had left " no known heirs at law or next of kin whatsoever " and service of the supplemental summons was directed to be made upon the parties as " unknown " who would be entitled to inherit from the deceased defendant. One of the affidavits upon which this order was made recited that the deceased defendant had told the affiant that " she had no living heirs at law or next of kin, that she had no relatives of any kind." Another affiant stated that the deceased defendant informed him that " she had no husband, father, mother, brothers or sisters living and that she had no next of kin, relatives or antecedents whatever." Still another affiant said that he had been informed that the deceased defendant was " all alone in the world." The affidavit of the attorney of record for the plaintiff states that the deceased defendant died leaving no " known " heirs at law or next of kin whatsoever so far as he had been able to ascertain and recited the issuance of the supplemental summons

and complaint and the designation of the persons entitled to inherit the interest of the deceased defendant as " unknown " and that after the exercise of due diligence he would be unable to learn the names of any of said " unknown " defendants. He refers to the affidavits of the other deponents as evidence that the deceased defendant died " leaving no known heirs at law or next of kin or relatives of any kind whatsoever."

The expressions used in these affidavits must be construed in connection with the supplemental summons and complaint to ascertain whether the information which the plaintiff was seeking to convey to the court was intended to establish that the defendant died without leaving any persons entitled to inherit her interest in the real estate or that she died leaving persons entitled to inherit whose names were " unknown " to the plaintiff. The theory upon which the supplemental summons and complaint were issued was that the defendant died leaving persons entitled to inherit but that they were unknown to the plaintiff and this is what the affidavits upon the application for the order for service by publication sought to convey and not that she died without leaving any persons entitled to inherit her interest in the real estate. If she had so died her interest in the property would have escheated to the state and the state would have been a proper and necessary party defendant, but a fair construction of the affidavits is that the statements made in them were not intended to establish the fact that she had died without leaving any persons entitled to inherit her interest in the property but that the names of such persons if any were " unknown " to the plaintiff. Plaintiff was required to show that he had made diligent inquiry to

ascertain the names of the persons entitled to inherit from the deceased defendant and the affidavits presented on the motion for the order for service by publication were intended for that purpose. They were sufficient to satisfy the court that there were unknown defendants and that reasonable inquiry had been made to ascertain their names and that is all that was required. That the affidavits were so understood by the court to whom the application was made is shown by the direction to serve the supplemental summons upon the " unknown " persons who might have an interest in the real estate of which the deceased defendant died seized. The supplemental summons and complaint and the subsequent proceedings show that the action proceeded after the death of the defendant upon the theory that there were unknown persons entitled to inherit her interest in the property whose names plaintiff was unable to ascertain after diligent inquiry. This was the proper procedure in view of the presumption that every person is presumed to die leaving heirs. *Seitz* v. *Messerschmitt, supra,* and cases cited. Where jurisdiction to issue an order for service of a summons upon unknown defendants by publication depends upon the construction to be given to conflicting, inconsistent or ambiguous facts in the affidavits upon which the application for the order was made, the supplemental summons bringing in unknown defendants and the complaint in the action will be examined to ascertain the theory of the application for the order and the intention of the plaintiff and a construction of these statements in the affidavits will be adopted if possible which will sustain the proceedings rather than one which will invalidate them.

Motion granted without costs.