Anna McQuirk, Plaintiff, *v.* Adelia Dean et al., Defendants.

County Court, Erie County, August 12, 1924.

Process — summons — order of publication of summons in partition action predicated on verified complaint and affidavits alleging exercise of due dilligence personally to serve non-resident defendants within state — affidavits sufficient to acquire jurisdiction of non-residents though allegations as to said non-residents are upon information and belief — continuance of places of residence presumed — court granting publication order had jurisdiction and purchaser at judicial sale will be compelled to pay referee balance due on premises.

In an action for partition, the moving papers, on a motion to serve the summons upon non-resident defendants personally outside the state or by publication, were sufficient where, after alleging on information and belief the non-residence of the defendants at their respective places of residence as of the date of the verification of the affidavits, set out that the vendor, after exercising due diligence, was unable to procure personal service of the summons within the state on any of the non-resident defendants, since the knowledge of the vendor, in her capacity as administratrix of the estate of the deceased owner of the premises, was peculiarly well informative and the continuance of the places of residence may be presumed to have continued; and, therefore, the court granting the order of publication had jurisdiction and the purchaser will be compelled to pay the referee the balance of the purchase price of the premises.

Motion to compel purchaser at judicial sale to complete his contract.

*Frank J. Fitzpatrick,* for the motion.

*Godfrey M. Frohe,* opposed.

NOONAN, J. This is a motion to compel Marcus A. Johengen to pay to the referee $1,890, the balance on the purchase price for the premises, situated in Buffalo, N. Y., which he bid in at a judicial sale in the above-entitled action. The action was brought for the partition or sale of the premises in question. The sale price was $2,100, and Johengen paid ten per cent of it, or $210, to the referee at the sale. The purchaser now refuses to complete the purchase because of an alleged defect in the title to the premises, claiming that such defect renders the title unmarketable. The sole ground of his objection to the title is, as he alleges, that the affidavits, upon which an order to serve the summons on non-resident defendants personally outside the state or by publication was granted, are not sufficient to sustain the order, and that, therefore, no jurisdiction over said non-resident defendants was obtained by this court.

The affidavits were made by the plaintiff and by her attorney. The order was based not only upon these affidavits, but also upon the verified amended complaint in the action.

The allegations contained in the affidavit of the plaintiff's attorney with reference to each alleged non-resident defendant affected by the order are in their general form and phraseology uniform. The following allegations with reference to the defendants, John Hussey and Agnes Hussey, his wife, are typical of the general form used as to all the other alleged non-resident defendants.

" That on information and belief this deponent alleges that the defendants, John Hussey and Agnes Hussey, his wife, are non-residents of the State of New York, and are not now within the State of New York, and that deponent after due diligence used will be unable to procure personal service of the Summons and Complaint on the said John Hussey, and Agnes Hussey, his wife, defendants herein, within the State of New York, for the reason that the said John Hussey and Agnes Hussey, his wife, are residents of the State of Ohio, residing at No. 2041 Commonwealth Avenue, in the City of Toledo, State of Ohio.

" That the grounds of deponent's knowledge as to said residence of the said defendants, John Hussey and Agnes Hussey, are various letters and communications which he has received from them and addressed to them at that place of residence."

The allegations of the plaintiff's affidavit with reference to such non-resident defendants also are in their general form and phraseology the same. The following allegations taken from the plaintiff's

affidavit are typical of the general form of the allegations affecting the alleged non-resident defendants:

" That on information and belief this deponent alleges that the defendants, John Hussey and Agnes Hussey, his wife, are non-residents of the State of New York, and are not now within the State of New York; that the said John Hussey and Agnes Hussey, his wife, reside at No. 2041 Commonwealth Avenue, in the City of Toledo, State of Ohio."

In addition to such specific allegations, the plaintiff's affidavit contains also a general allegation applicable to all the alleged non-resident defendants, as follows:

" That deponent after due diligence used will be unable to procure personal service of the Summons and Complaint on the above mentioned defendants within the State of New York, for the reason that the said defendants are all non-residents of the State of New York, and cannot be found within the State of New York."

Section 232 of the Civil Practice Act provides: " An order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases: 1. Where the defendant to be served, * * * being a natural person, is not a resident of the state * * *;" and provides that " The order must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served, * * *; and also, where the application is made upon the ground that the defendant is * * * not a resident of the state, * * *, that the plaintiff, with due diligence, has been or will be unable to make personal service of the summons."

The order of publication was based upon a proper verified complaint and the affidavits contain explicit allegations that the plaintiff after due diligence used will be unable to procure personal service of the summons within the state on any of the alleged non-resident defendants. But the purchaser makes objection to the affidavits on the ground that the non-residence of the defendants is alleged in the affidavits on information and belief and that, as he claims, the sources of the affiants' information and the grounds of their belief are not stated with sufficient particularity. The objection is not well founded.

Considering the plaintiff's relation to the subject-matter of the action and to the various alleged non-resident defendants, the court is satisfied that the plaintiff's information concerning their non-residence was sufficient to sustain the allegation of their non-residence and was stated with sufficient particularity in the affidavits, to establish their non-residence, to the satisfaction of the court.

The premises in question were owned by one Adelia Lee at the time of her death. The plaintiff and all the alleged non-resident defendants (except such whose interests are only as the wives of owners) acquired their interests in the premises from Adelia Lee by inheritance. The table of consanguinity annexed to the amended complaint and made a part thereof, shows that the plaintiff and all her cotenants in the premises in suit are related to one another by consanguinity. The plaintiff was, as appears from said amended complaint, appointed administratrix of the personal estate of Adelia Lee. As such administratrix, it was her duty for the purpose of distributing such estate to ascertain the respective places of residence of the next of kin of Adelia Lee. The plaintiff, therefore, was in a favorable position to know the whereabouts of the various defendants in the action.

The plaintiff alleges in her affidavit as to all the alleged non-resident defendants:

" That the grounds of deponent's knowledge as to the residence of the said defendants above mentioned, is various letters and communications which she has received from them and addressed to them at the respective places of residence herein given; that she, as administratrix of the estate of Adelia Lee, deceased, has sent each of them a check or draft for the amount of their share in the estate of Adelia Lee, deceased, and that such checks or drafts have been paid, and the checks or drafts countersigned by the said several defendants; and the fact that releases have been signed by them, which releases show their places of residence, and are signed by each of them, and are now on file in the Surrogate's Court of Erie County, New York."

The plaintiff's attorney alleges as the sources of his information various letters and communications which were received from the alleged non-resident defendants and addressed to them at their respective places of residence as stated in his affidavit.

It must, therefore, be assumed that the sources upon which the plaintiff and her attorney depended in their allegations of non-residence were peculiarly well informative and reliable. Manifestly the allegations had to be upon information and belief, unless the affiants could be expected personally to visit the respective homes and places of residence of all the alleged non-resident defendants.

As all of the defendants to be served by publication, except the one at Spring Lake, N. J., resided in far distant states, it is unquestionable that the plaintiff with due diligence would be unable to make personal service of the summons upon them in the state of New York. The knowledge which the plaintiff had acquired in the administration of the personal property of Adelia

Lee, deceased, was certainly good grounds for her belief that the alleged non-resident defendants could not with due diligence be served with the summons in this state.

Another objection made by the purchaser to the affidavits is that the dates of the letters and communications, checks and releases in the affidavits referred to are not stated in the affidavits; and it is contended by him that there was nothing before the court to show that the places of residence of the alleged non-resident defendants as ascertained by the plaintiff by means of the letters and communications, checks and releases, continued to be the places of residence of such defendants to the time of the date of the verification of the affidavits on October 30, 1922, and the date of the granting of the order of publication on November 3, 1922. The objection and contention are of no weight. It appears from the verified amended complaint in the action that the plaintiff was appointed administratrix of the personal estate of Adelia Lee on December 10, 1920. If it should be assumed that the letters and communications, the checks or drafts, and the releases, were immediately thereafter written and transmitted, which, of course, was hardly likely, the lapse of time between that day and the time the order was granted was not so long as to call in question the continuance of the non-resident defendants at their respective places of residence as stated in the affidavits. Under all the circumstances of the case the residence of those defendants at the respective places of residence stated in the affidavits is presumed to have continued and to be their respective places of residence at the time of the granting of the order of publication. *Nixon* v. *Palmer*, 10 Barb. 175; revd., on other grounds, 8 N. Y. 398; *Harris* v. *Harris*, 83 App. Div. 123, 128; *McLaughlin* v. *McCann*, 123 id. 67, 70; *People* v. *Blake*, 121 id. 613, 624.

The plaintiff's moving papers contained all the essentials necessary to confer jurisdiction on the court to make the order of publication. The evidence presented to the judge of this court as the basis for the granting of the order of publication was sufficient to warrant and enable him to act judicially upon the matter and to find and decide that the various alleged non-resident defendants were in fact at the time of the granting of the order non-residents and that because of such non-residence the plaintiff after due diligence would be unable to make personal service of the summons upon any of them in the state of New York.

Motion granted.