WALTER F. SMITH, Plaintiff, *v.* R. B. I. BUILDING CORPORATION, Defendant.

Supreme Court, Monroe County, April 3, 1926.

Partition — order directing service by publication was based on sufficient facts — papers show diligent inquiry within meaning of Civil Practice Act, § 232, subd. 1, to ascertain identity of unknown heirs at law of decedent — Civil Practice Act, § 215, providing for supplying fictitious names is not applicable — appointment of guardian for unknown infant defendants not necessary in this action — fact that decedent resided in another State justifies conclusion that service on widow and heirs cannot be made here — judgment on service by publication not void though affidavit for order is defective in some non-material aspects.

In an action for partition the facts upon which the order for the service of the summons by publication was granted were sufficient and the court obtained jurisdiction of the heirs at law of a deceased party.

Sufficient facts were shown to establish that the plaintiff had made diligent inquiry to ascertain the identity of the unknown heirs at law of the decedent within subdivision 1 of section 232 of the Civil Practice Act, since it appears from the complaint that among the defendants there was a brother and a sister, and since an affidavit filed stating that " The only information that deponent has or has been able to find upon inquiry *from relatives* concerning the death " of the decedent " and his heirs and widow," clearly shows that the plaintiff had made timely and sufficient inquiry of the brother and sister as to the heirs and widow of the decedent.

There is nothing to show that the court granting the order had knowledge or notice that the decedent left him surviving certain children spoken of in a letter which was produced before the referee, and, therefore, section 215 of the Civil Practice Act providing for the supplying of fictitious names where parties are known only by a part of their name, does not apply, and for the same reason the objection that a guardian was not appointed for unknown infant defendants is not well taken.

It is to be presumed from the fact that the decedent was a resident of another State that his widow and heirs continued to reside therein until the contrary is shown, and, therefore, the possibility of those persons being present within the State of New York so that a summons could have been served upon them personally, is so remote that the mere fact of the foreign residence is sufficient to sustain the conclusion that the plaintiff has been or will be unable with due diligence to make personal service within the State.

A judgment entered upon a service by publication is not void, although it may be set aside on a direct attack, where the affidavit used on the application for the order for publication is defective in a non-material aspect, that is, in the mode of stating a material fact or in the degree of proof.

ACTION for specific performance involving the question as to whether or not sufficient facts were shown as a basis for an order of publication in a prior partition action.

*Webster, Straus & Lamb,* for the plaintiff.

*Raines & Raines,* for the defendant.

THOMPSON, J.    After as careful an examination of the claims of the respective parties to this action as may be, I come to the conclusion that the facts upon which the order of publication in the partition action was granted were sufficient, and that the court obtained and had jurisdiction of the heirs at law of the deceased party.

The serious question in the case is whether or not enough facts appeared to establish that plaintiff had made that diligent inquiry to ascertain the identity of the unknown heirs at law of the decedent which is required by subdivision 1 of section 232 of the Civil Practice Act.

The court had before it the complaint and the affidavit of the plaintiff, who was a brother of the deceased person.    It appeared by the complaint that among the defendants there was still another brother and a sister.    Consequently the statement in the affidavit that " The only information that deponent has or has been able to find upon inquiry *from relatives* concerning the death of said Joseph E. English and his heirs and widow  *  *  * "   clearly imputes that plaintiff had made timely and sufficient inquiry of this brother and sister as to the heirs and widow of decedent, their brother, and that his affidavit was based upon what he elicited upon such inquiry as also upon the information that he himself had.    (*McQuirk* v. *Dean,* 123 Misc. 612.)

In these circumstances it must be held that the court or judge making the order of publication had sufficient facts before him to sustain a holding that such diligent inquiry had been made, and that the heirs at law of said Joseph E. English were unknown.

There is nothing here from which it appears that the court granting this order had knowledge or notice that the deceased person

left him surviving the children spoken of in the letter which was later produced by plaintiff before the referee. This letter was not used in any respect on the application for the order of publication; indeed it is largely by inference that it can be said that the letter afterwards used in evidence was the letter alluded to in the affidavit. For these reasons section 215 of the Civil Practice Act, which provides for the supplying of fictitious names where parties are known only by a part of their name, does not apply, and for the same reasons the objection that a guardian was not appointed for unknown infant defendants is not well taken. (*Sandford* v. *White*, 56 N. Y. 359.)

The sheriff's affidavit endeavoring to establish due diligence in making effort to serve the unknown heirs within the State of New York is of very slight significance. In cases where the residence of a party is established to be in a distant State or country, the presumption of the continuance of such residence arises and remains until the contrary is shown and such presumption applies to the widow and heirs at law of such a party. Thus the possibility of such person or persons being present within the State of New York, so that a summons can be served upon them personally, is so remote that the mere fact of the foreign residence is sufficient to enable the conclusion required by the Civil Practice Act to be drawn that the plaintiff has been or will be unable with due diligence to make personal service of the summons within the State.

It is well settled that where the affidavit used as the basis for an order of publication is defective, not in omitting to state a material fact, but in the mode of stating it or in the degree of proof, the resulting judgment, even though erroneous and, therefore, voidable by direct attack, cannot be said to be *coram non judice* and hence void on its face. (*Thompson* v. *Thompson*, 226 U. S. 551, 566.)

The affidavit need not furnish conclusive evidence of the facts relied on; it is sufficient if the proof has a legal tendency to make out, in all its parts, a case for the action of the judge. If all the essential facts are stated, though insufficiently, the court obtains jurisdiction; and the order is voidable only on a *direct motion* to set it aside. In such case the judgment is not subject to a collateral attack. (1 Nichols Practice, 765.)

So far as challenged here I find this to be a good and marketable title. Judgment for the plaintiff. Submit findings.