## (March 29, 1948.)

FELICJA R. WITENBERG et al., Respondents, *v.* BANCA COMMERCIALE ITALIANA, Appellant.

*Per Curiam.* Plaintiff Felicja Romana Witenberg is alleged in the complaint to be a resident of the State of New York. Assets of the defendant have been attached and an order denying a motion by the defendant to vacate the attachment has been affirmed on appeal (272 App. Div. 1003, motion for leave to appeal denied 272 App. Div. 1015). Defendant has now moved to compel plaintiffs to join as parties to the action all of the other members of the so-called "Polish group" who are alleged to be co-obligees with the plaintiffs, and, in event that this is not done, to dismiss the complaint. Section 192 of the Civil Practice Act provides that no action shall be defeated by the nonjoinder of parties, and subdivision 2 of section 193 provides that when it appears that an indispensable party has not been joined, the court shall order such party brought in. Without ruling at this time upon whether the absent co-obligees are indispensable or conditionally necessary parties, we are of opinion that they should be brought into the action under section 193 of the Civil Practice Act. The court has jurisdiction of the action, inasmuch as at least one of the plaintiffs is a resident of this State, and assets of the defendant have been attached here (Civ. Prac. Act, §§ 232, 232-a). If not joined as plaintiffs, they or their successors can be joined as defendants. A supplemental summons and amended complaint should issue, and service be made personally upon said absent co-obligees or their successors in interest, or, if grounds for service by publication be shown by affidavit, service by publication should be commenced within

sixty days from the service of the order to be entered hereon with notice of entry.

If after diligent inquiry it be unknown whether certain of said co-obligees are living or dead, they or their executors, administrators, successors or assigns can be named in the summons and included in the order and notice of publication thereof (Civ. Prac. Act, § 232-a, subd. 6; 2 Carmody on New York Pleading and Practice, § 685; *Wheeler* v. *Scully*, 50 N. Y. 667; *Guyer* v. *Raymond*, 8 Misc. 606; *Smith* v. *R.B.I. Building Corp.*, 126 Misc. 826; *McKenzie* v. *Woodward*, 101 Misc. 47; *Hayman* v. *Morris*, 37 N. Y. S. 2d 884, 895).

The order appealed from should be modified, so as to require these persons to be added as parties to the action, with $20 costs and disbursements to the appellant.

Cohn, Callahan and Van Voorhis, JJ., concur; Dore, J. P., dissents and votes to reverse the order appealed from and grant the defendant's motion on the ground that the members of the Polish group were joint obligees and are indispensable parties; Shientag, J., dissents and votes to affirm.

Order modified in accordance with opinion, with $20 costs and disbursements to the appellant. Settle order on notice.